UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ACKER, et al.,

                Plaintiffs,

                                Case No. 08-11261

vs.

                                Hon. Robert H. Cleland

DOEREN MAYHEW & COMPANY, et al.,

                Defendants.

_____/

**DEFENDANTS SAMJACK INVESTMENTS INC.'S,
JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)**

Defendants SamJack Investments, Inc. ("SamJack"), Joann Fox and Nancy O'Rilley (collectively, "SamJack Defendants"), by and through their attorneys, Foley & Lardner LLP, and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), move this Court for an order dismissing all counts of Plaintiffs' First Amended Complaint (the "FAC") against them. In support of their Motion, the SamJack Defendants rely on the pleadings and records on file with the Court and the reasons more fully set forth in the accompanying Brief in Support.

In compliance with Local Rule 7.1, counsel for Fox and O'Rilley called counsel for Plaintiffs on April 1, 2008 to explain the basis for and seek concurrence for the relief requested in the Motion. Concurrence has not been forthcoming.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, the Individual Defendants, James O'Rilley and Todd Fox, respectfully requests that this Court dismiss Plaintiffs' Complaint against them with prejudice.

Dated:  April 1, 2008

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt
Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

*Attorneys for Defendants James O'Rilley and
Todd R. Fox*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ACKER, et al.,

       Plaintiffs,

            Case No. 08-11261

vs.

            Hon. Robert H. Cleland

DOEREN MAYHEW & COMPANY, et al.,

       Defendants.

_____/

**BRIEF IN SUPPORT OF**
**DEFENDANTS SAMJACK INVESTMENTS INC.'S,**
**JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS**
**<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

I.  QUESTIONS PRESENTED ............................................................................... 1

II.  INTRODUCTION ............................................................................................... 2

III.  PROCEDURAL AND FACTUAL BACKGROUND ......................................... 3

IV.  STANDARD OF REVIEW ................................................................................ 4

V.  ARGUMENT ...................................................................................................... 5

    A.  THE CAUSES OF ACTION ALLEGED AGAINST THE SAMJACK DEFENDANTS IN PLAINTIFFS' FAC ARE SUBJECT TO THE HEIGHTENED PLEADING REQUIREMENTS OF FEDERAL RULE 9(B). ...................................................................................................... 5

    B.  PLAINTIFFS FAC FAILS TO STATE A CLAIM AGAINST THE SAMJACK DEFENDANTS FOR AIDING AND ABETTING. ........................... 8

    C.  PLAINTIFFS FAC FAILS TO STATE A CLAIM AGAINST THE SAMJACK DEFENDANTS FOR CONSPIRACY TO COMMIT FRAUD. ...................................................................................................... 13

    D.  PLAINTIFFS FAC FAILS TO STATE A CLAIM AGAINST THE SAMJACK DEFENDANTS FOR RICO VIOLATIONS. ................................... 15

VI.  CONCLUSION .................................................................................................. 18

## TABLE OF AUTHORITIES

**CASES**

*ABF Cap. Mgmt. v. Askin Cap. Mgmt., L.P.,*
957 F. Supp. 1308, 1319 (S.D.N.Y. 1997) .......................................................14

*Admiral Ins. Co. v. Columbia Cas. Ins. Co.,*
194 Mich. App. 300, 313 (1992) ..................................................................12

*Advocacy Org. for Patients and Providers v. Auto. Club Ins. Ass'n,*
176 F.3d 315, 319 (6th Cir 1999) ..........................................................3, 5, 15

*B.E.L.T., Inc. v. Wachovia Corp.,*
403 F.3d 474, 477 (7th Cir. 2005) ...............................................................8

*Bd. of Trustees of Policemen & Firemen Ret. Sys.,* 2003 WL 1343369, *4 (Mich. App.
March 11, 2003)...............................................................................Page

*Bell Atl. Corp. v. Twombly,*
127 S.Ct. 1955, 1961 (2007) ......................................................................8

*Betulius v. Hanna,*
No. 4:96-CV-92, 1996 WL 900413, *5 (W.D. Mich. Dec. 10, 1996) ....................16

*Bovee v. Coopers & Lybrand CPA,*
272 F.3d 356, 360 (6th Cir 2001) .................................................................3

*Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,*
200 F. Supp.2d 756, 759 (E.D. Mich. 2002)..................................................16

*Brown v. Cassens Transp. Co.,*
492 F.3d 640, 643 (6th Cir. 2007) ...............................................................15

*Carson Fischer, PLC v. Standard Fed. Bank,*
No. 248125, 2005 WL 292343, *5 (Mich. App. Feb. 8, 2005) ...........................7-8

*Chase Bank of Tex., N.A. v. Grant Thornton LLP,*
No. 236237, 2003 WL 21350362, *4 (Mich. App. June 10, 2003) ........................7

*Cooper Ins. Agency Center, L.L.C. v. Mourer-Foster, Inc.,*
No. 5:05-CV-56, 2005 WL 3289345, at *2 (W.D. Mich. Dec. 5, 2005) ................15

*D.E. & J L.P. v. Conaway,*
284 F. Supp. 2d 719, 730 (E.D. Mich 2003).................................................5-6

*DeAbreu v. Bank of Am. Corp.,*
525 F. Supp. 2d 381, 387 (S.D.N.Y. 2007) .....................................................8

*DirecTV, Inc. v. Cavanaugh,*
321 F. Supp.2d 825, 835 (E.D. Mich. 2003)....................................................5

*Estate of Axelrod v. Flannery,*
476 F. Supp. 2d 188, 196 (D. Conn. 2007) .....................................................4

*Filler v. Hanvit Bank,*
156 Fed. Appx. 413, 417 (2nd Cir. 2005) .......................................................4

*Glidden Co. v. Jandernoa,*
    5 F. Supp. 2d 541, 558 (W.D. Mich. 1998) ............................................................8

*Hanning v. Homecomings Financial Networks,*
    436 F. Supp. 2d 865, 870 (W.D. Mich. 2006) ......................................................5

*Hayduk v. Lanna,*
    775 F.2d 441, 443 (1st Cir. 1985) .......................................................................4

*In re Nat'l Century Fin. Enter., Inc.,*
    504 F. Supp. 2d 287, 321 (S.D. Ohio 2007) ........................................................8

*Kennedy v. R.W.C., Inc.,*
    359 F. Supp.2d 636, 643 (E.D. Mich. 2005)......................................................12

*Krear v. Malek,*
    961 F. Supp. 1065, 1069 (E.D. Mich. 1997)....................................................5, 16

*Lawyers Title Ins. Corp. v. United Am. Bank of Memphis,*
    21 F.Supp.2d 785, 797 (W.D. Tenn. 1998) ..........................................................8

*McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.,*
    644 F. Supp. 580, 585 (E.D. Mich. 1986) ........................................................16

*McKesson Medical-Surgical, Inc. v. Micro Bio-Medics, Inc.,*
    266 F. Supp.2d 590, 600 (E.D. Mich. 2003)......................................................12

*Miller v. Keystone Financial,*
    2000 Mich. App. LEXIS 2076 ............................................................................8

*Morgan v. Church's Fried Chicken,*
    829 F.2d 10, 12 (6th Cir. 1987) ..........................................................................3

*Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.,*
    940 F. Supp. 1101, 1128 (W.D. Mich. 1996) ......................................................6

*Pik-Coal Co. v. Big Rivers Elec. Corp.,*
    200 F.3d 884, 889 (6th Cir. 2000) ....................................................................14

*Snowden v. Lexmark Int'l, Inc.,*
    237 F.3d 620 (6th Cir. 2001) ............................................................................14

*The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,*
    262 Mich. App. 485, 507 ..................................................................................12

*The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,*
    686 N.W.2d 770, 786 (Mich. App. 2004) ..........................................................13

*Trollinger v Tyson Foods, Inc.,*
    370 F.3d 602, 612 (6th Cir. 2004) ....................................................................14

*Tubby's # 14, Ltd. v. Tubby's Sub Shops, Inc.,*
    No. 04-70918, 2005 WL 3556199, at *4 (E.D. Mich. Dec. 29, 2005) ..................15

*U.S. v. Beckner,*
    134 F.3d 714, 720 (5th Cir. 1998) ......................................................................8

iii

*VanDenBroeck v. CommonPoint Mortg. Co.,*
   210 F.3d 696, 701 (6th Cir. 2000) ....................................................................................4, 14

*Vidosh v. Holsapple,*
   No. 84CV2447DT, 1987 WL 273164, at *9 (E.D. Mich. Feb. 2, 1987) ................................16

*Willis v. New World Van Lines, Inc.,*
   123 F. Supp.2d 380, 400 (E.D. Mich. 2000) .........................................................................13

*Wysong Corp. v. M.I. Indus.,*
   412 F. Supp.2d 612, 632 (E.D. Mich. 2005)..........................................................................12

*Yadlosky v. Grant Thornton, LLP,*
   120 F. Supp. 2d 622 (E.D. Mich. 2000) ................................................................................14

**STATUTES, RULES & REGULATIONS**

18 U.S.C. §1962..............................................................................................................................2, 14

18 U.S.C. §1962(d) ..............................................................................................................................16

18 U.S.C. § 1964(c) ...............................................................................................................................1

Federal Rule 9(b) ..................................................................................................................................14

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................................3

**<u>FEDERAL RULES OF CIVIL PROCEDURE 9(b)</u>**.........................................................Passim

Federal Rules of Civil Procedure 9(b) and 12(b)(6) ..............................................................................1

Rule 7.1 ....................................................................................................................................................1

DETR_816443.1

## I.     QUESTIONS PRESENTED

1.     Whether the Court should dismiss Plaintiffs' Aiding and Abetting (Count III) and
Plaintiffs' Conspiracy to Commit Fraud (Count IV) causes of action where there
are no particularized allegations that the SamJack Defendants made any false
representations, there are no allegations that the SamJack Defendants had actual
knowledge of the underlying fraudulent Ponzi scheme, there are no allegations
that the SamJack Defendants performed any act with the intent to defraud, and
there are no allegations that the SamJack Defendants knowingly agreed to
participate in the underlying fraudulent Ponzi scheme.

The SamJack Defendants say "yes."

2.     Whether the Court should dismiss Plaintiffs' Civil RICO (Count V) cause of
action where there are no allegations that the SamJack Defendants engaged in
fraud or otherwise committed any predicate act required to sustain a RICO claim,
and there are no allegations that the SamJack Defendants had actual knowledge of
the underlying fraudulent Ponzi scheme.

The SamJack Defendants say "yes."

1

## II.   INTRODUCTION

This case arises from the collapse of an alleged Ponzi scheme controlled and operated by a man named Edward Paul May ("May").  As Plaintiffs acknowledge in their First Amended Complaint ("FAC"), May is a defendant in a lawsuit brought by the United States Securities and Exchange Commission ("SEC") for securities fraud in connection with various LLCs that May controlled and offered as investment opportunities.  A copy of the SEC's complaint against Ed May and the partial judgment entered by the federal district court against May are attached as **Exhibits A** and **B**, respectively.  May is not a party to this action.[1]  None of the Defendants in this case are a party to the SEC proceeding or even mentioned in the SEC's allegations of fraud.

Although this case arises from the same series of transactions and occurrences at issue in the SEC's case against May, the Plaintiffs have chosen to file suit against the Defendants and not include May or any of his related business entities as a party to this lawsuit.  Plaintiffs ignore the conclusions of the SEC and the federal district court, which entered a partial final judgment finding that May is at fault for the fraud at issue here.  Instead, the Plaintiffs allege that May's tax accounting firm, Defendant Doeren Mayhew & Co., P.C. ("Doeren Mayhew"), and two of Doeren Mayhew's directors, Defendants Todd Fox and James O'Rilley, purportedly omitted information in connection with the investment opportunities provided by May.

In addition to naming May's tax accountants, the Plaintiffs also have named the entity and individuals – SamJack Investments, Inc., Joann Fox and Nancy O'Rilley (collectively

---

[1]      Shortly after the alleged Ponzi scheme collapsed, May purported to execute an assignment for the benefit of creditors pursuant to state law.  The assignee, David Findling, subsequently sought bankruptcy protection for May's estate.  *See, In re the Estate of the Assignment for the Benefit of Creditors of Edward Paul May*, Eastern District of Michigan Bankruptcy Case No. 07-60543.  There currently is a motion pending in the bankruptcy court challenging the propriety of the bankruptcy filing.  Discovery proceedings in the bankruptcy case have been stayed pending the outcome of that motion.

DETR_816443.1

"SamJack Defendants") – who were responsible for preparing the monthly distribution checks that May issued to his investors.  Plaintiffs do not allege that the SamJack Defendants made any misrepresentations.  Plaintiffs do not allege that the SamJack Defendants had actual knowledge of May's fraudulent Ponzi scheme.  While Plaintiffs have asserted causes of action for fraud and negligent misrepresentation in this case, Plaintiffs have not directed any of those causes of action against the SamJack Defendants.  The only causes of action directed at the SamJack Defendants are for Aiding and Abetting (Count III), Conspiracy to Commit Fraud (Count IV) and RICO (Count V).  As will be explained below, Plaintiffs have not alleged fact sufficient to sustain any of these causes of action against the SamJack Defendants.  For this reason and the reasons more fully explained below, the SamJack Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint as against the SamJack Defendants.

### III.   PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiffs filed their original Complaint in this action on February 5, 2008 in Michigan state court alleging Fraud (Count I), Negligent Misrepresentation (Count II), Aiding and Abetting (Count III), Conspiracy to Commit Fraud (Count IV), Fraudulent Inducement (Count V), and Unjust Enrichment (Count VI).  The original Complaint included 60-plus individual Plaintiffs.  On February 26, 2008, Defendant Doeren Mayhew & Co. ("Doeren Mayhew") filed a Motion to Dismiss the original Complaint.  On March 3, 2008, Defendants Todd Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc. filed a parallel Motion to Dismiss the original Complaint.

In response to the Motions to Dismiss, Plaintiffs filed a First Amended Complaint ("FAC") to which Plaintiffs added nearly 200 additional individual Plaintiffs, added a number of conclusory allegations, and also added a number of new causes of action, including a claim under 18 U.S.C. §1962 ("RICO").  Defendants removed this case to federal court on March 24,

3

2008.   Defendants Joann Fox, Nancy O'Rilley and SamJack Investments, Inc. ("SamJack Defendants") now are moving to dismiss the causes of action asserted against them in the FAC.[2] For purposes of this Motion, only three causes of action are asserted against the SamJack Defendants, namely, Aiding and Abetting (Count III), Conspiracy to Commit Fraud (Count IV), and RICO (Count V).

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiffs have failed to state a claim upon which relief can be granted.   In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true.   *Bovee v. Coopers & Lybrand CPA*, 272 F.3d 356, 360 (6th Cir 2001).   However, the Court need not accept as true "legal conclusions or unwarranted factual inferences."   *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also*, *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1961 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).   "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"   *Advocacy Org. for Patients and Providers v. Auto. Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir 1999) (quoting *Scheid v Fanny Farmer Candy Shops, Inc*, 859 F.2d 434, 436 (6th Cir 1988)).

---

[2]   Contemporaneous with the filing of this Motion, co-Defendant Doeren Mayhew and co-Defendants Todd Fox and James O'Rilley also are filing motions to dismiss the FAC. The SamJack Defendants hereby join in those motions to dismiss.

## V.   ARGUMENT

**A.   The Causes Of Action Alleged Against The SamJack Defendants In Plaintiffs' FAC Are Subject To The Heightened Pleading Requirements Of Federal Rule 9(b).**

As mentioned above, while Plaintiffs have asserted causes of action for fraud and negligent misrepresentation, Plaintiffs have not directed any of those causes of action against the SamJack Defendants.  The only causes of action asserted against the SamJack Defendants are aiding and abetting (Count III), conspiracy to commit fraud (Count IV) and RICO (Count V). However, all of the causes of action alleged against the SamJack Defendants are predicated on allegations of fraud.  *See*, FAC ¶276 (alleging in the aiding and abetting count that "Defendants' conduct, as set forth above, substantially assisted in the perpetration of the *primary fraud*") [emphasis added]; FAC ¶280 (alleging in the conspiracy count that "Defendants agreed in fact, among themselves and with Ed May, to commit the *fraud* described in Count I herein") [emphasis added]; FAC ¶284 (identifying *mail fraud* as the alleged predicate act for the RICO claim).   Accordingly, all of these causes of action are subject to the heightened pleading requirements of Federal Rule 9(b).  *See, e.g., Filler v. Hanvit Bank*, 156 Fed. Appx. 413, 417 (2nd Cir. 2005) ("[T]he particularity requirements of Rule 9(b) apply to claims of aiding and abetting fraud no less than to direct fraud claims."); *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 196 (D. Conn. 2007) (noting that a claim for aiding and abetting fraud is subject to 9(b) because it "is necessary to put a defendant on notice of specific fraudulent acts that the plaintiff alleges"); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("in actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met") [internal citations omitted]; *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 701 (6th Cir. 2000) (Federal Rule 9(b) requirements applied to RICO claim where predicate acts were mail fraud and wire fraud).

5

Federal Rule 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Failure to state a fraud claim with particularity constitutes failure to state a claim." *DirecTV, Inc. v. Cavanaugh,* 321 F. Supp.2d 825, 835 (E.D. Mich. 2003). Stating fraud with particularity requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Advocacy Organization,* 176 F.3d at 322 (6th Cir. 1999); *Hanning v. Homecomings Financial Networks*, 436 F. Supp. 2d 865, 870 (W.D. Mich. 2006). Set forth in enumerated fashion, the Sixth Circuit requires that allegations of fraud "specif[y] 1) the parties and the participants to the alleged fraud; 2) the representations made; 3) the nature in which the statements are alleged to be misleading or false; 4) the time, place and content of the representations; 5) the fraudulent scheme; 6) the fraudulent intent of the defendants; 7) reliance on the fraud; and 8) the injury resulting from the fraud." *Krear v. Malek,* 961 F. Supp. 1065, 1069 (E.D. Mich. 1997). Finally, "allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.*

Importantly, it is widely recognized that "[g]roup pleading is clearly inconsistent with Rule 9(b)'s express requirements of specificity." *D.E. & J L.P. v. Conaway*, 284 F. Supp. 2d 719, 730 (E.D. Mich 2003)*, citing In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 888 (W.D.N.C. 2001). In recent years, "group pleading" has received focused attention in the context of cases brought under the Private Securities Litigation Reform Act ("PSLRA"). For example, the Eastern District of Michigan noted that "[a]lthough the Sixth Circuit has not addressed the issue of whether the group pleading doctrine survived the PSLRA and the courts,

6

nationally, are divided on this issue, this Court agrees with those courts that have found that the doctrine is at odds with new Act's plain language and pleading requirements." *D.E. & J L.P. v. Conaway*, 284 F. Supp. 2d at 731. In holding that group pleading is not permitted, the court reasoned that "[w]here individual defendants are the target of the fraud allegations, it would be nonsensical to require that a plaintiff specifically allege facts regarding scienter as to each defendant, but to allow him to rely on group pleading in asserting that 'the defendant' made the statement or omission." *Id.* "[A]ttributing *all* the alleged misrepresentations to *all* Defendants" is insufficient as a matter of law to state a claim against specific defendants. *Id. at 730* (emphasis in original). The court ruled that the plaintiffs' practice of group pleading failed both the pleading requirements of Federal Rule 9(b) and the heightened pleading standards of the PSLRA. *Id.* The court found that "the plaintiff must allege with specificity facts demonstrating a <u>specific defendant's personal involvement</u> in the preparation of the allegedly misleading statements or direct 'operational involvement' with the company; conclusory allegations that the defendant was 'involved in the day to day operations' are insufficient." *Id.* at 732 [underline added]. *See also, Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.,* 940 F. Supp. 1101, 1128 (W.D. Mich. 1996) ("Rule 9(b) does not permit plaintiffs to 'lump' defendants together, beyond the group pleading presumption, when charging them with fraudulent actions"). Thus, to the extent Plaintiffs assert allegations against Defendants generally, without identifying the particulars of the allegations being made against each Defendant, those allegations should be disregarded.[3]

---

[3]     The reference to the "SamJack Defendants" herein is for convenience only insofar as the same causes of action are being asserted against each of the SamJack Defendants. In order to sustain these causes of action, however, Plaintiffs are required to make particularized

**B.     Plaintiffs FAC Fails To State A Claim Against The SamJack Defendants For Aiding And Abetting.**

While the Michigan Supreme Court has not expressly recognized a claim for aiding and abetting fraud, it appears that Michigan would require the following elements to sustain such a cause of action:  (1) the existence of an independent fraud; (2) actual knowledge of the fraud by the alleged aider and abetter; (3) substantial assistance given to effecting that fraud by the aider and abetter, and (4) the same degree of scienter by the aider and abetter as the person committing the fraud. *See also, Chase Bank of Tex., N.A. v. Grant Thornton LLP*, No. 236237, 2003 WL 21350362, *4 (Mich. App. June 10, 2003) (unpublished opinion) (affirming summary disposition of aiding and abetting fraud claim and requiring substantial assistance and the same degree of scienter as the person committing the actual fraud), attached hereto as **Exhibit C**; *Carson Fischer, PLC v. Standard Fed. Bank*, No. 248125, 2005 WL 292343, *5 (Mich. App. Feb. 8, 2005) (unpublished opinion), attached hereto as **Exhibit D**; *rev'd in part on other grounds*, 475 Mich. 851, 713 N.W. 2d 265 (2006) (finding that aiding and abetting liability requires that an independent wrong exist, that the aider and abetter know of the wrong's existence, that substantial assistance is given to effecting that wrong and that the aider and abetter have the same degree of scienter as the person committing the actual fraud).

Courts in other jurisdictions consistently hold that a defendant alleged to have aided and abetted must have actual knowledge of the primary actor's fraud.  Constructive knowledge or inquiry notice of the fraud is not sufficient to state a claim for aiding and abetting:

> Knowledge of the fraud, and not merely the undisclosed material facts, is indispensable ... A plaintiff's case against an aider, abetter, or conspirator may not rest on the bare inference that the

---

allegations against each of the SamJack Defendants, namely, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.

8

defendant 'must have had' knowledge of the facts. The plaintiff
must support the inference with some reason to conclude that the
defendant has thrown in his lot with the primary violators.

*Glidden Co. v. Jandernoa*, 5 F. Supp. 2d 541, 558 (W.D. Mich. 1998) (applying New York law);

*DeAbreu v. Bank of Am. Corp.*, 525 F. Supp. 2d 381, 387 (S.D.N.Y. 2007) (same); *In re Nat'l*

*Century Fin. Enter., Inc.*, 504 F. Supp. 2d 287, 321 (S.D. Ohio 2007) (dismissing an aiding and

abetting claim because the "allegations do not support an inference that the Outside Directors

had actual knowledge of the falsity of the audits"); *Lawyers Title Ins. Corp. v. United Am. Bank*

*of Memphis*, 21 F.Supp.2d 785, 797 (W.D. Tenn. 1998) ("actual knowledge of the third party's

wrongful conduct is required to establish aider and abettor liability"); *U.S. v. Beckner*, 134 F.3d

714, 720 (5th Cir. 1998) ("for an attorney to be convicted of aiding and abetting a client's fraud,

the attorney must have had actual knowledge of the fraud. . .").

Claims that an entity received payments for services performed for an alleged fraudster

are insufficient to establish aiding and abetting liability. *See, e.g., B.E.L.T., Inc. v. Wachovia*

*Corp.*, 403 F.3d 474, 477 (7th Cir. 2005) ("Someone who sells a car at market price to Charles

Ponzi is entitled to keep the money without becoming liable to Ponzi's victims for the loss

created by his scheme."); *Miller v. Keystone Financial*, 2000 Mich. App. LEXIS 2076, at * 13

(Mich. App. March 3, 2000) ("the mere payment of dividends fails to demonstrate the intent

required to prove aiding and abetting"); *Bd. of Trustees of Policemen & Firemen Ret. Sys.*, 2003

WL 1343369, *4 (Mich. App. March 11, 2003) (unpublished opinion) (the fact that an entity

receives fees for its work does not imply that it had an intent to participate in or cover up fraud),

attached hereto as **Exhibit E**. In addition, allegations that a party "knew or should have known"

of an alleged fraudulent scheme is not sufficient to state a claim for aiding and abetting liability.

*See, e.g., Carson Fischer*, 2005 WL 292343 at *6 (holding that alleging that defendant bank

9

"knew or should have known" of its' customer's scheme "is not the equivalent of 'substantially assisting'" the customer's embezzlement).

In this case, while the FAC is longer than the original Complaint (with nearly 200 paragraphs dedicated to identifying the named Plaintiffs), the substantive allegations in the FAC are the same as they were in the original Complaint – Plaintiffs seek to hold the SamJack Defendants liable due to the fact that they were responsible for preparing monthly distribution checks for investors based on information and instructions provided by May.  There are no allegations in the FAC that the SamJack Defendants ever made any knowingly false statements to any of the Plaintiffs or to any other investors.  Indeed, there are no allegations in the FAC that any of the Plaintiffs ever had any direct communication whatsoever with any of the SamJack Defendants, let alone a communication in which the SamJack Defendants allegedly made false statements upon which even a single named Plaintiff relied.  There are no allegations in the FAC that the SamJack Defendants had actual knowledge that May was engaged in a fraudulent Ponzi scheme or that the SamJack Defendants intended to defraud anyone.

Plaintiffs' aiding and abetting cause of action consists of the following generalized allegations:

> 275.   Plaintiff investors were defrauded through the scheme detailed in paragraphs 1-100 [sic].

> 276.   But for the conduct of the Defendants described above, the fact and/or extent of the injury inflicted by the fraudulent Ponzi scheme would not have been realized.  Thus, Defendants' conduct, as set forth above, substantially assisted in the perpetration of the primary fraud.

> 277.   Defendants rendered such substantial assistance with knowledge and/or reckless disregard of the facts establishing the primary tort.

10

DETR_816443.1

To the extent Plaintiffs are relying on group pleadings against "Defendants" generally, those allegations should be ignored as they are clearly inconsistent with the requirements of Federal Rule 9(b).  Plaintiffs are required, under Rule 9(b), to allege particularized facts demonstrating that each Defendant, including each of the SamJack Defendants, had actual knowledge of the underlying fraud, provided substantial assistance giving effect to the underlying fraud, and had the same level of scienter or intent as the primary fraudulent actor.

The general allegations in the FAC directed at the SamJack Defendants are sparse and do not even approximate the elements of an aiding and abetting cause of action, let alone the particularity requirements of Federal Rule 9(b):

> In paragraph 215 of the FAC, Plaintiffs allege that Joann Fox "acted under the direction of her husband, Todd Fox, and James O'Rilley in a business capacity at all relevant times." There is a parallel allegation for Nancy O'Rilley in paragraph 216 of the FAC.

- There is no allegation that either Joann Fox or Nancy O'Rilley had actual knowledge of May's alleged Ponzi scheme or acted with the intent to defraud.

- To the contrary, these allegations run counter to any suggestion that Joann Fox or Nancy O'Rilley performed any act with actual knowledge of May's fraudulent Ponzi scheme or with the intent to defraud.

> In paragraph 225 of the FAC, Plaintiffs allege that Joann Fox and Nancy O'Rilley answered an "800" number provided to investors.

- Plaintiffs do not identify a single investor who ever called the "800" number.

- While Plaintiffs allege that Joann Fox and Nancy O'Rilley answered the "800" number by providing a "pitch" allegedly formulated by Doeren Mayhew, Plaintiffs fail to describe what the pitch was, and fail to identify a single investor who heard or relied on the alleged pitch.

- There is no allegation that either Joann Fox or Nancy O'Rilley answered the "800" number with actual knowledge of May's fraudulent Ponzi scheme or with the intent to defraud.

> At paragraphs 233-244 of the FAC, Plaintiffs make a series of identical allegations against each of the Defendants, including the SamJack Defendants, regarding their alleged "possession, custody or control of *reports or records created by the LLC*

11

purporting to reflect *financial activity* during the period between the date of the offering memorandum and the date that the first distribution for that LLC was made." [emphasis added]

- Plaintiffs do not identify the "reports and records" with any particularity.

- Plaintiffs do not explain the "financial activity" allegedly reflected in the (unspecified) "reports and records," or how that financial activity somehow implicates the SamJack Defendants (or any other Defendants) in May's fraudulent Ponzi scheme.

- There is no allegation that the financial activity reflected in the (unspecified) reports and records was fraudulent or, if it was, that any of the SamJack Defendants had actual knowledge that the financial activity reflected in the alleged reports and records was fraudulent.

- Insofar as the reports or records were "created by the LLCs" and provided to the SamJack Defendants, as alleged by Plaintiffs, this allegation would exonerate the SamJack Defendants (as well as the other Defendants herein), rather than implicate them.

- There is no allegation that any of the SamJack Defendants performed any act with actual knowledge of May's fraudulent Ponzi scheme or with the intent to defraud.

➢ In paragraph 250, Plaintiffs allege that the SamJack Defendants were responsible for "entering income and expenses for each LLC using the commercial QuickBook accounting software."

- There is nothing fraudulent about entering data into a QuickBook file based on reports and records provided by a third-party.

- There is no allegation that the data entered into the QuickBook files by the SamJack Defendants was fraudulent or that the SamJack Defendants had actual knowledge that the data was fraudulent.

- There is no allegation that the SamJack Defendants performed this alleged act with actual knowledge of May's fraudulent Ponzi scheme or with the intent to defraud.

➢ In paragraph 253, Plaintiffs allege that the SamJack Defendants issued[4] monthly distribution checks to investors and took steps to institute direct deposit.[5]

---

[4]       Plaintiffs also allege that the SamJack Defendants "mailed" the monthly distributions checks. This is not accurate. May (or someone designated by May other than the SamJack Defendants) mailed the monthly distribution checks. For purposes of this motion,

- There is nothing fraudulent about preparing monthly distribution checks based on reports and records provided by a third-party.

- There is no allegation that the information on the monthly distribution checks was fraudulent or that the SamJack Defendants had actual knowledge that the information was fraudulent.

- There is no allegation that the SamJack Defendants performed these alleged acts with actual knowledge of May's alleged Ponzi scheme or with the intent to defraud.

In sum, the FAC is devoid of even conclusory allegations – let alone particularized facts – that the SamJack Defendants performed any act with actual knowledge of May's alleged Ponzi scheme or with the intent to defraud.   Accordingly, Plaintiffs' claim for aiding and abetting against the SamJack Defendants should be dismissed.

**C.** **Plaintiffs FAC Fails To State A Claim Against The SamJack Defendants For Conspiracy To Commit Fraud.**

Under Michigan law, "[a] civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313 (1992).   "A civil conspiracy claim consists of '(1) a concerted action; (2) by a combination of two or more persons; (3) to accomplish an unlawful purpose; (4) or a lawful purpose by unlawful means." *McKesson Medical-Surgical, Inc. v. Micro Bio-Medics, Inc.*, 266 F. Supp.2d 590, 600 (E.D. Mich. 2003). *Kennedy v. R.W.C., Inc.*, 359 F. Supp.2d 636, 643 (E.D. Mich. 2005); *Wysong Corp. v. M.I. Indus.*, 412 F. Supp.2d 612, 632 (E.D. Mich. 2005); *The*

---

however, the distinction is immaterial.   Whether the SamJack Defendants simply prepared the monthly distribution checks, or prepared and mailed the monthly distribution checks, Plaintiffs cannot sustain a cause of action against the SamJack Defendants unless they can allege particularized facts showing that the SamJack Defendants had actual knowledge of May's fraudulent Ponzi scheme and acted with the intent to defraud.

[5]     There is no allegation that direct deposit was in fact instituted.

13

*Mable Cleary Trust v. The Edward-Marlah Muzyl Trust*, 262 Mich. App. 485, 507; 686 N.W. 2d 770 (2004). A conspiracy – standing alone – is not an independent cause of action. *Willis v. New World Van Lines, Inc.*, 123 F. Supp.2d 380, 400 (E.D. Mich. 2000) ("A claim of civil conspiracy without underlying wrongful acts is not actionable"). "[A]llegations of conspiracy must be based upon an underlying, independent wrongful act, whether it be breach of contract or tort." *Id.*

In this case, Plaintiffs describe the alleged independent wrongful act as "the fraud described in Count I herein." As explained above, Count I for fraud is not directed at any of the SamJack Defendants. At least one Michigan court has held that a claim of conspiracy to commit fraud cannot be maintained against a particular defendant where there are no fraud allegations against that same defendant. *See The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust*, 686 N.W.2d 770, 786 (Mich. App. 2004) ("[b]ecause there is no basis for the underlying tort with regard to Paxton, the trial court did not err in granting summary disposition to that party"). In this case, because there are no allegations of fraud directed at the SamJack Defendants, Plaintiffs' claim for conspiracy to commit fraud fails as a matter of law.

In addition, the allegations that "Defendants agreed in fact, among themselves and with Ed May, to commit the fraud described in Count I herein" is wholly insufficient to sustain a claim sounding in fraud. As explained above, Plaintiffs cannot rely on group pleadings directed at "Defendants" generally to satisfy its obligations under Federal Rule 9(b). Plaintiffs must allege particularized facts showing that the SamJack Defendants "agreed … to commit the fraud." In this regard, there are no allegations anywhere in the FAC to suggest that the SamJack Defendants were even aware of May's fraudulent Ponzi scheme or that the SamJack Defendants made any knowingly false statement or that the SamJack Defendants performed any act with the

14

intent to defraud. For these additional reasons, Plaintiffs' claim for conspiracy to commit fraud should be dismissed.

**D.   Plaintiffs FAC Fails To State A Claim Against The SamJack Defendants For RICO Violations.**

"In order to establish a RICO violation, a plaintiff must show 1) two or more predicate offenses; 2) the existence of an 'enterprise'; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to business." *Snowden v. Lexmark Int'l, Inc.*, 237 F.3d 620 (6th Cir. 2001) at 621. "The Supreme Court has described the pattern requirement as 'the heart of any RICO complaint.'" *Id.* "RICO civil claims also require proximate cause." *Trollinger v Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004). "[M]ere allegation and/or evidence that an injury to the plaintiff would not have occurred 'but for' the defendant's alleged RICO violation (that is, that the plaintiff sustained a mere 'injury in fact') is insufficient to establish RICO causation." *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 889 (6th Cir. 2000).

In this case, the alleged predicate acts which form the basis of Plaintiffs' RICO claim are mail fraud.[6] FAC, ¶284-285. Where a RICO claim alleges fraud as the predicate act, the particularity requirements of Federal Rule 9(b) apply. *VanDenBroeck v. CommonPoint Mortg.*

---

[6]      More accurately, it could be said that Plaintiffs assert a RICO claim arising from the alleged securities fraud scheme of Edward May as described in "the civil complaint filed by the SEC." (FAC ¶222.) Yet, RICO provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c). *See Yadlosky v. Grant Thornton, LLP*, 120 F. Supp. 2d 622 (E.D. Mich. 2000) (dismissing RICO claim against accountants that related to securities fraud). Plaintiffs cannot salvage a RICO claim by relying on mail or wire fraud, because the underlying conduct would have been actionable as securities fraud. *ABF Cap. Mgmt. v. Askin Cap. Mgmt., L.P.*, 957 F. Supp. 1308, 1319 (S.D.N.Y. 1997) ("a plaintiff may not plead other specified offenses, such as mail or wire fraud, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud"). Here, insofar as May's alleged conduct was actionable as securities fraud, Plaintiffs' RICO claim should be dismissed.

*Co.*, 210 F.3d 696, 701 (6th Cir. 2000)  (Fed.R.Civ.P. 9(b) requirements applied to RICO claim where predicate acts were mail fraud and wire fraud); *Tubby's # 14, Ltd. v. Tubby's Sub Shops, Inc.*, No. 04-70918, 2005 WL 3556199, at *4 (E.D. Mich. Dec. 29, 2005) (unpublished opinion) ("Where a plaintiff relies upon mail or wire fraud to constitute a predicate act under RICO, Rule 9(b) requires that he must allege, at a minimum, the time, place and contents of the fraudulent communications") attached hereto as **Exhibit F**; *Cooper Ins. Agency Center, L.L.C. v. Mourer-Foster, Inc.*, No. 5:05-CV-56, 2005 WL 3289345, at *2 (W.D. Mich. Dec. 5, 2005) (, opinion) ("RICO cases often involve allegations of fraud, which, under the federal rules, are required to be stated with particularity"), attached hereto as **Exhibit G**.  In addition, "the well-established precedent of [the Sixth] [C]ircuit requires that a civil RICO plaintiff alleging mail or wire fraud plead reliance, that is, that a defendant made fraudulent representations to the plaintiff on which the plaintiff relied." *Brown v. Cassens Transp. Co.*, 492 F.3d 640, 643 (6th Cir. 2007).

In *Advocacy Organization For Patients and Providers*, the court addressed whether the plaintiffs sufficiently pled the predicate acts of mail and wire fraud in their RICO claim.  The plaintiffs alleged that the defendant insurers misrepresented their intention to pay for their insured customers' reasonable automobile accident-related medical expenses.  *Advocacy Organization*, 176 F.3d at 323.  In support of this allegation, the plaintiffs alleged that the defendants intended to accomplish their fraud through the knowing use of irrelevant data in reviewing billings so as to deny claims or artificially reduce amounts payable. *Id.*  As noted by the court, however, the plaintiffs alleged no facts to support their allegation that the factors considered by the insurer were irrelevant. *Id.*  The court also ruled that no inference could be drawn, based upon the allegedly irrelevant data, that the insurer's statements to the insured customers were knowingly false when made. *Id.* at 323-24.

16

In addition to the particularity requirements of Federal Rule 9(b), to state a claim for conspiracy under 18 U.S.C. §1962(d), "a plaintiff must plead that the defendant agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity." *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 200 F. Supp.2d 756, 759 (E.D. Mich. 2002); *Krear*, 961 F. Supp. at 1071. "Plaintiffs must allege facts which evince each defendant's agreement to participate in what he knew to be a collective venture toward a common goal." *Betulius v. Hanna*, No. 4:96-CV-92, 1996 WL 900413, *5 (W.D. Mich. Dec. 10, 1996) (unpublished opinion), attached hereto as **Exhibit H**. "[C]onclusory allegations of a RICO conspiracy are legally insufficient." *McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.*, 644 F. Supp. 580, 585 (E.D. Mich. 1986) ("complaint fails to allege an agreement, which is the essential element of any conspiracy charge"); *Vidosh v. Holsapple*, No. 84CV2447DT, 1987 WL 273164, at *9 (E.D. Mich. Feb. 2, 1987) (unpublished opinion), attached hereto as **Exhibit I**.

In this case, Plaintiffs four-paragraph RICO count is entirely conclusory and wholly insufficient as a matter of law. While Plaintiffs generally reference "mail fraud" as the alleged predicate act, Plaintiffs fail to allege any particularized facts demonstrating that the SamJack Defendants used the mails to make knowingly false statements with the intent to defraud. Plaintiffs also fail to allege particularized facts that would support an inference that the SamJack Defendants agreed to join a conspiracy or that they agreed to commit predicate acts knowing that those acts were part of a pattern of racketeering activity. At most, Plaintiffs have alleged facts demonstrating that Ed May, the admittedly culpable party, may have used the check preparation services of the SamJack Defendants to perpetrate a fraudulent Ponzi scheme, but there are no particularized allegations to suggest that the SamJack Defendants were knowing and willing

17

participants in May's scheme or that the SamJack Defendants performed any act with the intent

to defraud. Without such particularized allegations, Plaintiffs' RICO claim should be dismissed.

## VI.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants SamJack Investments, Inc.,

Joann Fox, and Nancy O'Rilley respectfully request that this Court dismiss the Plaintiffs' First

Amended Complaint as against them with prejudice.


Dated:  April 1, 2008                          Respectfully submitted,

                                               FOLEY & LARDNER LLP


                                               _____/s/ Scott Seabolt_____
                                               Scott Seabolt (P55890)
                                               One Detroit Center
                                               500 Woodward Ave., Suite 2700
                                               Detroit, Michigan 48226-3489
                                               Phone:  (313) 234-7100
                                               email:  sseabolt@foley.com

                                               Lisa L. Tharpe (of counsel)
                                               Foley & Lardner LLP
                                               321 North Clark St., Suite 2800
                                               Chicago, Illinois  60610
                                               Phone:  (312) 832-4500
                                               email:  ltharpe@foley.com

                                               *Attorneys for Defendants Todd R. Fox, James*
                                               *O'Rilley, Joann Fox, Nancy O'Rilley and*
                                               *SamJack Investments, Inc.*

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ACKER, et al.

       Plaintiffs,

                                Case No. 08-11261

v.

                                Hon. Robert H. Cleland

DOEREN MAYHEW & COMPANY, et al.,

       Defendants.

| | |
|---|---|
| R. Christopher Cataldo (P39353)<br>Jaffe, Raitt, Heuer & Weiss, P.C.<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br><br>John W. Schryber<br>David C. Silver<br>Patton Boggs, LLP<br>2550 M St., NW<br>Washington, DC 20037<br>(202) 457-6015<br><br>Scott L. Silver<br>Law Offices of Blum & Silver, LL<br>12540 West Atlantic Boulevard<br>Coral Springs, Florida 33071<br>(954) 255-8181<br><br>*Attorneys for Plaintiffs* | Dennis M. Haffey (P26378)<br>Benjamin W. Jeffers (P57161)<br>Matthew Mitchell (P69810)<br>Dykema Gossett PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, Michigan 48304<br>(248) 203-0813<br>*Attorneys for Defendant Doeren Mayhew*<br>*& Co., P.C.*<br><br>Scott T. Seabolt (P55890)<br>Foley & Lardner LLP<br>One Detroit Center<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226<br>(313) 234-7115<br><br>Lisa L. Tharpe (of counsel)<br>Foley & Lardner LLP<br>321 N. Clark, Suite 2800<br>Chicago, Illinois 60610<br>(312) 832-5175<br><br>*Attorneys for Defendants Todd Fox, James*<br>*O'Rilley, Joann Fox, Nancy O'Rilley and*<br>*SamJack Investments, Inc.* |

**PROOF OF SERVICE**

SCOTT T. SEABOLT states that on **April 1, 2008**, she caused to be served Defendants SamJack Investments, Inc.'s, Joann Fox's and Nancy O'Rilley's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6); Brief in Support and this Proof of Service via electronic mail addressed to:

R. Christopher Cataldo, Esq.
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034

John W. Schryber, Esq.
David C. Silver, Esq.
Patton Boggs, LLP
2550 M. St., NW
Washington, DC  20037

Scott L. Silver, Esq.
Law Offices of Blum & Silver LL
12540 West Atlantic Boulevard
Coral Springs, Florida  33071

/s/
SCOTT T. SEABOLT

Dated:  April 1, 2008

DETR_822613.1