# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WILLIAM BIRCHFIELD, *et al.*

              Plaintiffs,

vs.

DOEREN MAYHEW & COMPANY, PROFESSIONAL CORPORATION d/b/a DOEREN MAYHEW, TODD R. FOX, JAMES P. O'RILLEY, JOANN FOX, NANCY O'RILLEY, and SAMJACK INVESTMENTS, INC.,

              Defendants.

Case No. 2:09-cv-13140

Consolidated Case No. 2:08-cv-11261

Honorable Arthur Tarnow

---

> **DEFENDANTS SAMJACK INVESTMENTS INC.'S, JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS *BIRCHFIELD* COMPLAINT**

---

R. Christopher Cataldo (P39353)
Attorneys for Plaintiffs
Jaffe, Raitt, Heuer & Weiss, PC
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com


John W. Schryber
David C. Silver
Norah D. Molnar
Attorneys for Plaintiffs
Patton Boggs LLP
2550 M St., NW
Washington, DC 20037
(202) 457-6000
jschryber@pattonboggs.com

Dennis M. Haffey (P26378)
Benjamin W. Jeffers (P57161)
Attorneys for Doeren Mayhew & Co., P.C.
Dykema Gossett PLLC
39577 Woodward, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0813
dhaffey@dykema.com


Scott T. Seabolt (P55890)
Attorneys for Defendants Todd Fox, James
  O'Rilley, JoAnn Fox, Nancy O'Rilley,
  And SamJack Investments, Inc.
Foley & Lardner LLP
One Detroit Center
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
(313) 234-7115
sseabolt@foley.com

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

### DEFENDANTS SAMJACK INVESTMENTS INC.'S, JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)

Defendants SamJack Investments, Inc. ("SamJack"), Joann Fox and Nancy O'Rilley (collectively, "SamJack Defendants"), by and through their attorneys, Foley & Lardner LLP, and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), move this Court for an order dismissing all counts of Plaintiffs' Complaint against them.  In support of their Motion, the SamJack Defendants rely on the pleadings and records on file with the Court and the reasons more fully set forth in the accompanying Brief in Support.

In compliance with Local Rule 7.1, counsel for the SamJack Defendants have had multiple discussions with counsel for Plaintiffs regarding the substance of this Motion and seeking concurrence for the relief requested.  Concurrence has not been forthcoming.

WHEREFORE, for these reasons and the reasons set forth in the accompanying Brief in Support, the SamJack Defendants respectfully request that the Court dismiss Plaintiffs' claims against the SamJack Defendants with prejudice.

Dated:  March 1, 2010

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM BIRCHFIELD, *et al*.

        Plaintiffs,              Case No. 2:09-cv-13140

vs.                      Consolidated Case No. 2:08-cv-11261

DOEREN MAYHEW & COMPANY, PROFESSIONAL CORPORATION d/b/a DOEREN MAYHEW, TODD R. FOX, JAMES P. O'RILLEY, JOANN FOX, NANCY O'RILLEY, and SAMJACK INVESTMENTS, INC.,      Honorable Arthur Tarnow

        Defendants.

---

R. Christopher Cataldo (P39353)
Attorneys for Plaintiffs
Jaffe, Raitt, Heuer & Weiss, PC
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com

Dennis M. Haffey (P26378)
Benjamin W. Jeffers (P57161)
Attorneys for Doeren Mayhew & Co., P.C.
Dykema Gossett PLLC
39577 Woodward, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0813
dhaffey@dykema.com

John W. Schryber
David C. Silver
Norah D. Molnar
Attorneys for Plaintiffs
Patton Boggs LLP
2550 M St., NW
Washington, DC 20037
(202) 457-6000
jschryber@pattonboggs.com

Scott T. Seabolt (P55890)
Attorneys for Defendants Todd Fox, James
  O'Rilley, JoAnn Fox, Nancy O'Rilley,
  And SamJack Investments, Inc.
Foley & Lardner LLP
One Detroit Center
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
(313) 234-7115
sseabolt@foley.com

---

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

## BRIEF IN SUPPORT OF
## DEFENDANTS SAMJACK INVESTMENTS INC.'S,
## JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS
## <u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS..................................................................................................... i

STATEMENT OF ISSUES PRESENTED.......................................................................iii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY ................... iv

TABLE OF AUTHORITIES ............................................................................................ v

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL AND FACTUAL BACKGROUND.......................................... 3

III.    STANDARD OF REVIEW ................................................................................. 3

IV.     ARGUMENT ....................................................................................................... 4

        A.    COUNTS IV-VII FAIL TO STATE A CLAIM AGAINST THE
              SAMJACK DEFENDANTS.................................................................. 4

              1.    PLAINTIFFS FAIL TO MEET THE HEIGHTENED PLEADING
                    REQUIREMENTS OF FEDERAL RULE 9(B)........................................ 4

              2.    THE FUNDAMENTAL ALLEGATIONS AGAINST THE
                    SAMJACK DEFENDANTS DO NOT CONSTITUTE FRAUD. ............. 6

              3.    PLAINTIFFS' CAUSE OF ACTION FOR POST-PURCHASE
                    COMMON LAW FRAUD FAILS AS A MATTER OF LAW.................. 7
                    **A.    THERE IS NO CAUSE OF ACTION FOR POST-
                            PURCHASE COMMON LAW FRAUD UNDER
                            MICHIGAN LAW** ...................................................... 7
                    **B.    EVEN IF THERE WAS A CAUSE OF ACTION FOR
                            POST-PURCHASE COMMON LAW FRAUD,
                            PLAINTIFFS CANNOT STATE A CLAIM AGAINST
                            THE SAMJACK DEFENDANTS** ............................... 10

              4.    PLAINTIFFS' COMPLAINT FAILS TO STATE CLAIMS
                    AGAINST THE SAMJACK DEFENDANTS FOR AIDING AND
                    ABETTING OR CONSPIRACY TO COMMIT POST-
                    PURCHASE COMMON LAW FRAUD ................................. 11

              5.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM
                    AGAINST THE SAMJACK DEFENDANTS FOR RICO
                    VIOLATIONS ........................................................................... 14

        B.    PLAINTIFFS FAIL TO STATE A CLAIM FOR STATUTORY
              CONVERSION AGAINST SAMJACK ............................................. 17

C.      PLAINTIFFS FAIL TO STATE A CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST THE SAMJACK DEFENDANTS.................................................................. 18

CERTIFICATE OF SERVICE ........................................................................................... 21

## STATEMENT OF ISSUES PRESENTED

1.  Whether the Court should dismiss Counts IV-VI of Plaintiffs' Complaint where there is no recognized cause of action for "post-purchase fraud" under Michigan law, and where Plaintiffs have not alleged any particularized facts demonstrating that the SamJack Defendants made any knowingly false statements upon which even one of the alleged Plaintiffs relied?

    The SamJack Defendants say "yes."

2.  Whether the Court should dismiss Count VII of Plaintiffs' Complaint where securities fraud is not a predicate act for RICO and there are no particularized allegations that the SamJack Defendants engaged in fraud or otherwise committed any predicate act required to sustain a RICO claim?

    The SamJack Defendants say "yes."

3.  Whether the Court should dismiss Count VIII of Plaintiffs' Complaint where non-specific money voluntarily given to another cannot form the basis of statutory conversion under Michigan law?

    The SamJack Defendants say "yes."

4.  Whether the Court should dismiss Count XI of Plaintiffs' Complaint where the SamJack Defendants could not have aided and abetted a breach of fiduciary duty because Edward May was not a fiduciary, and where Plaintiffs have not alleged facts sufficient for aiding and abetting liability?

    The SamJack Defendants say "yes."

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**On Question 1-4:**  Federal Rule of Civil Procedure 12(b)(6)

**On Question 1:**  Federal Rule of Civil Procedure 9(b); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917 (1975); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009); *Central Bank of Denver, NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164 (1994)

**On Question 2:**  Federal Rule of Civil Procedure 9(b); 18 U.S.C. §§ 1962, 1964(c); *Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622 (E.D. Mich. 2000).

**On Question 3:**  M.C.L. § 600.2919a; *Lawsuit Financial LLC v. Curry*, 261 Mich. App. 579, 683 N.W.2d 233 (Mich. App. 2004)

**On Question 4:**  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009).

# TABLE OF AUTHORITIES

**CASES**

*ABF Cap. Mgmt. v. Askin Cap. Mgmt., L.P.*, 957 F.Supp. 1308 (S.D.N.Y. 1997) ....................... 15

*Advocacy Org. for Patients and Providers v. Auto Club Ins Ass'n*, 176 F.3d 315
 (6th Cir. 1999) ................................................................................................. 3, 16

*Arent v. Distrib. Sciences, Inc.*, 975 F.2d 1370 (8th Cir. 1992) .................................. 9, 10

*Arnlund v. Deloitte & Touche LLP,* 199 F.Supp.2d 461 (E.D.Va. 2002) ....................... 9

*Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) .............................................. iv, 3

*Bald Eagle Area Sch. Dist. V. Keystone Fin., Inc.*, 189 F.3d 321 (3rd Cir. 1999) ........................ 15

*Ballan v. Upjohn,* 814 F.Supp. 1375 (W.D. Mich. 1992) ........................................... 5

*Bd. of Trustees of Policemen & Firemen Ret. Sys. v. Grant Thornton, LLP.,*
 No. 236415, 2003 WL 1343369 (Mich.App. Mar. 11, 2003) ................................. 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ...................................... iv, 3

*BELT, Inc. v. Wachovia Corp.*, 403 F.3d 474 (7th Cir. 2005) ......................................... 13

*Betulius v. Hanna,* No. 4:96-CV-92, 1996 WL 900413 (W.D.Mich. Dec. 10, 1996) .................. 16

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917 (1975) ....................... iv, 8

*Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,* 200 F.Supp. 2d 756
 (E.D.Mich. 2002) ............................................................................................. 16

*Brown v. N. Central F. S., Inc.*, 173 F.R.D. 658 (N.D. Iowa 1997) ................................ 6

*Carson Fischer, PLC, v. Standard Fed. Bank*, 2005 WL 292343 (Mich. App. 2005) ................ 18

*Central Bank of Denver, NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164 (1994) ... iv, 12

*Chanoff v. United States Surgical Corp*, 857 F.Supp. 1011 (D.Conn. 1994) ................................ 8

*Chase Bank of Texas, NA v. Grant Thornton LLP*, No. 236237, 2003 WL 21350362
 (Mich.App. June 10, 2003) ............................................................................. 12, 18

*Cook v. Campbell*, 482 F.Supp.2d 1341 (M.D. Ala. 2007) ........................................... 16

*Crocker v. Federal Deposit Ins Corp.*, 826 F.2d 347 (5th Cir. 1987) ............................. 9

*DE & J LP v. Conaway*, 284 F.Supp.2d 719 (E.D.Mich. 2003 ..................................................... 6

*DirecTV, Inc. v. Cavanaugh,* 321 F.Supp.2d 825 (E.D.Mich. 2003) ............................................. 4

*Earp v. City of Detroit*, 16 Mich.App. 271, 167 N.W.2d 841 (1969)............................................ 12

*Echelon Homes, LLC v Carter Lumber Co*, 261 Mich.App. 424 ,683 N.W.2d 171,
    *rev'd on other grounds* 472 Mich 192 (2005) ........................................................................ 17

*Filler v. Hanvit Bank*, 156 Fed.Appx. 413 (2nd Cir. 2005) ......................................................... 4

*First of Michigan Corp. v. Swick*, 894 F.Supp 298 (E.D. Mich. 1995) ........................................ 18

*Garras v Bekiares*, 315 Mich. 141, 23 N.W.2d 239 (1946) ........................................................ 17

*Gatz v. Ponsoldt*, 297 F. Supp. 2d 719 (D. Del. 2003) ................................................................ 15

*Genesee Vending, Inc. v. Lorillard Tobacco Co*., No. 04-60091,
    2004 U.S. Dist. LEXIS 24419 (E.D. Mich. Nov. 2, 2004) ........................................................ 5

*German Free State of Bavaria v. Toyoba Co., LTD.,*No. 06-cv-407,
    2007 U.S. Dist. LEXIS 75395 (W.D. Mich. Oct. 10, 2007).................................................... 18

*Howard v. American Online, Inc*., 208 F.3d 741 (9th Cir. 2000) ................................................ 15

*In re Goodyear Tire & Rubber Co. Sec. Litig.*, 436 F Supp 2d 873 (N.D. Ohio 2006)............... 11

*In re Nat'l Century Fin. Enters., Inc.*, 504 F.Supp.2d 287 (S.D.Oh. 2007)................................. 13

*In re Worldcom, Inc. Sec. Litig.*, 336 F.Supp.2d 310 (S.D.N.Y. 2004) ..................................... 8, 9

*Interlake Porsche v. Burcholz*, 45 Wash.App. 502 (Wash. App. Div. 1 1986) ............................ 8

*Kagan v. Edison Bros. Stores, Inc.,* 907 F.2d 690 (7th Cir. 1990) ........................................... 9, 10

*Krear v. Malek,* 961 F.Supp. 1065 (E.D.Mich. 1997) ............................................................... 5, 16

*Laury v. Colonial Title Co*., No. 272727, 2007 WL 1376352 (Mich. App. May 10, 2007)......... 12

*Lawsuit Financial LLC v. Curry*, 261 Mich. App. 579, 683 N.W.2d 233 (Mich. App. 2004)...... iv

*Levitz v. Warrington*, 877 P.2d 1245 (Ct.App.Utah 1994) ............................................................ 8

*McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.,*
    644 F.Supp. 580 (E.D.Mich 1986)......................................................................................... 16

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006) ................................ 15

*Pik-Coal Co. v. Big Rivers Elec. Corp.,* 200 F.3d 884 (6th Cir. 2000) ........................................ 14

*S.E.C. v. Edward May*, (E.D. Mich. #2:07-cv-14954) .................................................. 1

*Snowden v. Lexmark Int'l, Inc.*, 237 F.3d 620 (6th Cir. 2001) ...................................... 14

*The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,* 262 Mich.App. 485,
    686 N.W.2d 770 (Mich. App. 2004) ...................................................................... 12

*Trollinger v Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004) ...................................... 14

*United States of America v. Edward P. May* (E.D. Mich. 2:09-cr-20482) ..................... 1

*US v. Beckner*, 134 F.3d 714 (5th Cir. 1998) ............................................................... 13

*Vennittilli v. Primerica, Inc.*, 943 F.Supp. 793 (E.D. Mich. 1996) ................................ 12

*Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622 (E.D. Mich. 2000) ........................ iv, 14

## Statutes, Rules & Regulations

17 C.F.R. § 240.10b-5 ...................................................................................................... 8

18 U.S.C. § 1962 ............................................................................................................. iv

18 U.S.C. § 1964(c) .................................................................................................. iv, 14, 15

18 U.S.C. §1962(d) ......................................................................................................... 16

M.C.L. § 600.2919a ........................................................................................................ iv

M.C.L. §451.501, *et seq.* ................................................................................................. 8

M.C.L. §451.810 .............................................................................................................. 8

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... iv, 3

Federal Rule of Civil Procedure 9(b) ..................................................................... passim

## I.   <u>INTRODUCTION</u>

Plaintiffs' Complaint paints a vivid picture of the collapse of an alleged Ponzi scheme controlled and operated by a man named Edward Paul May ("May").  May, a convincing con man, created a business which appeared legitimate on its face and involved the creation of LLCs as part of a telecommunications business.  May brought hundreds of investors into his LLCs before the scheme collapsed in mid-2007.  May has been criminally indicted for his scheme, and the United States Securities and Exchange Commission ("SEC") also sued May and obtained a final judgment against him for securities fraud.[1]

Understandably, investors in the May Ponzi scheme who lost their investments have sued.  Inexplicably, these investor-Plaintiffs have not sued May.  Instead, they have sued, among others, SamJack Investments, Inc. ("SamJack"), which employed defendants Nancy O'Rilley and Joann Fox, the wives of accountants and defendants in this action James O'Rilley and Todd Fox (collectively, Joann Fox, Nancy O'Rilley, and SamJack are referred to as the "SamJack Defendants").  The SamJack Defendants were hired to perform strictly ministerial tasks for the May LLCs, such as preparing monthly distribution checks that May issued to his investors.  They were never hired to nor did they perform accounting, auditing, investigatory, or other such functions for the May LLCs.  Instead, they relied entirely on May to provide the information needed to perform their ministerial tasks, and were just as duped as the Plaintiffs claim to be when the Ponzi scheme was revealed.

---

[1] *See United States of America v. Edward P. May* (E.D. Mich. 2:09-cr-20482); *SEC v. Edward May*, (E.D. Mich. #2:07-cv-14954).  A copy of the SEC's complaint is Docket No. 8-3.  The Court's final judgment against May is attached as Ex. A.

Indeed, the Complaint only emphasizes the minor role played by the SamJack Defendants in the events at issue.  While Plaintiffs' Complaint spans 57 pages and includes 256 allegations, it fails to identify even one statement made to a Plaintiff by the SamJack Defendants.  Nor do Plaintiffs allege on the face of the Complaint, that a single Plaintiff relied on any specific actions or statements by the SamJack Defendants.  While there are over 100 Plaintiffs, *only one* is ever identified in an allegation, and it has nothing to do with the SamJack Defendants.[2]  Even more egregiously, the complaint refers vaguely to unidentified "investors", without any indication of whether these "investors" happen to be Plaintiffs.  These allegations pertaining to "investors" who are not parties to this action are not relevant and cannot be considered in support of a claim by *these Plaintiffs*.  Plaintiffs have failed to meet, or even approach, the minimum requirements for pleading causes of action against the SamJack Defendants.

Plaintiffs' claims against the SamJack Defendants also fail as a matter of law.  Although Plaintiffs assert actions based on "post-purchase" common law fraud, there is no cause of action for "*post*-purchase" common law fraud under Michigan law.  Plaintiffs also cannot rely on securities fraud as a predicate act under RICO, nor have they alleged facts sufficient to state a cause of action for RICO violations.  Plaintiffs' claim for conversion fails because it relies on a claim for conversion of unspecified money.  Finally, Plaintiffs cannot state a claim for aiding and abetting a breach of fiduciary duty because May was not a fiduciary to Plaintiffs.  For these reasons and the reasons more fully explained below, the SamJack Defendants respectfully request that the Court dismiss Plaintiffs' claims against the SamJack Defendants.

---

[2] Plaintiffs refer to one statement Todd Fox allegedly made to Plaintiff Thomas Howe, but fail to allege Mr. Howe relied on the statement in any way.  (Complaint, ¶ 113).

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint on August 11, 2009.  On October 16, 2009, the Court consolidated this action with the action *Acker, et al., v. Doeren Mayhew & Co., et al.*, No. 08-11261, bringing the grand total of plaintiffs to over 550.  While the Complaint includes 13 causes of action, only six of those are asserted against the SamJack Defendants:  post-purchase common law fraud (Count IV), aiding and abetting and conspiracy to commit post-purchase common law fraud (Counts V and VI), RICO violations (Count VII), conversion against SamJack and Doeren Mayhew (Count VIII), and aiding and abetting breach of fiduciary duty (Count XI).   The SamJack Defendants now move to dismiss these causes of action.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiffs have failed to allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009).  While courts construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, in reviewing a Rule 12(b)(6) motion to dismiss, "a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557; *see also Advocacy Org. for Patients and Providers v. Auto Club Ins Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) ("[t]o survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either

direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'") (citations omitted).

## IV.     ARGUMENT

### A.     Counts IV-VII Fail to State A Claim Against The SamJack Defendants

Plaintiffs' Counts IV-VII, each premised on allegations of fraud, all fail to allege the basic "who, what, when, and where" required for a fraud pleading.  When boiling the Complaint down to its core, not a single Plaintiff alleges a specific statement, made by any of the SamJack Defendants, to a specific Plaintiff, on which the Plaintiff relied, and as a result of which the Plaintiff was harmed.  Counts IV-VII fail to state claims against the SamJack Defendants.

### 1.     Plaintiffs Fail to Meet The Heightened Pleading Requirements of Federal Rule 9(b)

Counts IV-VII of Plaintiffs' Complaint are subject to the heightened pleading requirements of Federal Rule 9(b).  *See, e.g., Filler v. Hanvit Bank*, 156 Fed.Appx. 413, 417 (2nd Cir. 2005) ("[T]he particularity requirements of Rule 9(b) apply to claims of aiding and abetting fraud no less than to direct fraud claims.").  In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. F.R.C.P. 9(b); *DirecTV, Inc. v. Cavanaugh,* 321 F.Supp.2d 825, 835 (E.D.Mich. 2003) ("Failure to state a fraud claim with particularity constitutes failure to state a claim.") (citations omitted).  Pleading fraud with particularity requires each Plaintiff to "specif[y] 1) the parties and the participants to the alleged fraud; 2) the representations made; 3) the nature in which the statements are alleged to be misleading or false; 4) the time, place and content of the representations; 5) the fraudulent scheme; 6) the fraudulent intent of the defendants; 7) reliance on the fraud; and 8) the injury resulting from the fraud." *Krear v. Malek,* 961 F.Supp. 1065, 1069 (E.D.Mich. 1997).  Finally,

"allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Ballan v. Upjohn,* 814 F.Supp. 1375, 1385 (W.D. Mich. 1992).

Plaintiffs ignore the particularity requirements of Rule 9(b) by failing to make *any* plaintiff-by-plaintiff allegations in the Complaint. In contravention of Rule 9(b), Plaintiffs instead rely on group pleading and general allegations about "investors"—without, in most allegations, any reference to the actual Plaintiffs *in this action*, let alone specific Plaintiffs. (*See, e.g.*, Complaint ¶¶ 3, 6, 8, 10-12, 112-113, 117-118, 124-125, 129-132, 135, 158-159, 177, 221, 223, 231, 236, 245, 249, 254 (allegations all relate to "investors" and not Plaintiffs)). Plaintiffs also fail to allege that the SamJack Defendants made any particular statements to Plaintiffs. For instance, although Plaintiffs allege "[p]otential ***investors*** were provided with '800' telephone numbers…. Both Joann Fox and Nancy O'Rilley answered investors' calls placed to these lines," not a single Plaintiff is identified as receiving the telephone number, making a call to the number, speaking to either Joann Fox or Nancy O'Rilley, or otherwise relying on any such phone calls to an 800 number. (Complaint, ¶ 130) (emphasis supplied). What other "investors" who are not a party to this action heard or relied on is not relevant to the claims brought by Plaintiffs, and a wholesale lack of Plaintiff-by-Plaintiff allegations fails to comply with the basic who, what, when, where and how requirements of Rule 9(b). *See e.g., Genesee Vending, Inc. v. Lorillard Tobacco Co.*, No. 04-60091, 2004 U.S. Dist. LEXIS 24419 (E.D. Mich. Nov. 2, 2004) (unpublished, attached as Ex. B) (dismissing a complaint for failing to give defendants' notice of plaintiffs' claims "because it is phrased as a class action rather than a lawsuit asserting the separate factual claims of **multiple plaintiffs**") (emphasis in original); *Brown v. N. Central F. S.,*

*Inc.*, 173 F.R.D. 658, 666 (N.D. Iowa 1997) ("each plaintiff must allege he or she was the victim of specific materially false statements in relation to the transaction in which he or she was involved," with allegations "broken down" by plaintiff).

Plaintiffs likewise group "all Defendants" together throughout the Complaint, alleging generally that "all Defendants knew" without particularized allegations as to what each Defendant intended, knew, or said (and to whom).  (*See, e.g.*, Complaint, Count IV, ¶159).  Such "[g]roup pleading is clearly inconsistent with Rule 9(b)'s express requirements of specificity." *DE & J LP v. Conaway*, 284 F.Supp.2d 719, 730 (E.D.Mich. 2003) (citations omitted). "[A]ttributing *all* the alleged misrepresentations to *all* Defendants" is insufficient as a matter of law to state a claim against specific defendants.  *DE & J*, 284 F.Supp.2d at 730-31 (emphasis in original).  Instead, "the plaintiff must allege with specificity facts demonstrating a *specific defendant's personal involvement* in the preparation of the allegedly misleading statements or direct 'operational involvement' with the company; conclusory allegations that the defendant was 'involved in the day to day operations' are insufficient."  *Id.* at 732 (emphasis supplied). Plaintiffs' Complaint, which resorts to group pleading for both Plaintiffs and Defendants, fails to even approach the requirements of Rule 9(b).

> **2.**  **The Fundamental Allegations Against The SamJack Defendants Do Not Constitute Fraud.**

Plaintiffs assert several failed, flawed, and contradictory counts against the SamJack Defendants.  However, all of the claims fail because Plaintiffs' conclusory allegations do not establish that the SamJack Defendants had actual knowledge of May's scheme, or knowingly conspired, controlled, operated, or perpetuated the scheme.

On the contrary, Plaintiffs' own allegations establish that the SamJack Defendants performed merely ministerial functions for the LLCs, and did not operate or control the LLCs. The underlying allegations are that the SamJack Defendants conducted internal bookkeeping of the May LLCs (Complaint, ¶ 5), that the SamJack Defendants prepared monthly summaries of the May LLCs (Complaint, ¶ 6), and that May, at some point, established an 800 number that supposedly was answered by Nancy O'Rilley and Joann Fox (Complaint, ¶ 130).  Plaintiffs do not allege with specificity which monthly summaries they received, what alleged misstatements were contained therein, or whether the SamJack Defendants knew that there were any alleged misstatements.  Plaintiffs further fail to allege that even one Plaintiff called the 800 number or spoke with Nancy O'Rilley or Joann Fox.  When stripped of pure conclusions, these facts do not support an inference that any of the SamJack Defendants knowingly participated in May's scheme, acted with an intent to defraud, or otherwise operated or controlled the scheme.

### 3. Plaintiffs' Cause Of Action For Post-Purchase Common Law Fraud Fails As A Matter Of Law

#### a. There Is No Cause Of Action For Post-Purchase Common Law Fraud Under Michigan Law

Unlike the claims in Counts I-III concerning the *purchase* of securities, which are not directed at the SamJack Defendants, Count IV claims fraud based on the theory that Plaintiffs *held or retained* their investments in reliance on post-purchase misrepresentations.  However, Plaintiffs' claims have no basis in law or in fact.  First, a "holder" claim is not recognized by Michigan courts.  Second, Plaintiffs fail to include particularized allegations that any Plaintiffs received or relied on specific statements by the SamJack Defendants.  Regardless of the claims, the fundamental allegations simply do not constitute fraud.  The SamJack Defendants provided

limited services, such as printing monthly distribution checks, for the May LLCs.  Even accepting all allegations as true, and they are not, Plaintiffs' post-purchase fraud claims fail as a matter of law.

Plaintiffs' post-purchase fraud claims are not a viable theory under Michigan law.  It is well-established that "holder" claims are not permitted under federal securities laws, and Plaintiffs thus turn to common law in a misguided attempt to salvage their claim.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731-738; 95 S.Ct. 1917 (1975) (limiting standing under Rule 10b-5 to purchasers or sellers of securities and not "holders"); *see also*, *Chanoff v. United States Surgical Corp*, 857 F.Supp. 1011, 1023 (D.Conn. 1994).  However, Michigan, which has adopted the Uniform Securities Act, M.C.L. §451.501, *et seq.* ("Michigan Securities Act"), follows federal securities law in limiting claims available under the Michigan Securities Act to those "in connection with the offer, sale, or purchase of any security."  M.C.L. §451.501; 17 C.F.R. § 240.10b-5; *Blue Chip*, 421 US at 737-738 (construing virtually identical language to the Michigan Securities Act).[3]  Other courts construing the Uniform Securities Act agree.  *See, e.g.*, *Levitz v. Warrington*, 877 P.2d 1245, 1246-47 (Ct.App.Utah 1994); *Interlake Porsche v. Burcholz*, 45 Wash.App. 502, 513-516 (Wash. App. Div. 1 1986).  Nor can Plaintiffs turn to Michigan common law, as Michigan courts have never recognized a "holder" claim as a viable cause of action.  This view is supported by other jurisdictions, which have likewise rejected "holder" claims due to standing and lack of causation of damages.  *See In re Worldcom, Inc. Sec.*

---

[3]  Though the Uniform Act adds the term "offer" to the "in connection with" language, this does not confer standing upon holders.  *Interlake*, 45 Wash. App. at 514-515 (1986); M.C.L. §451.810 (limiting civil remedies to purchasers of securities).

*Litig.*, 336 F.Supp.2d 310, 318-320 (S.D.N.Y. 2004); *Arnlund v. Deloitte & Touche LLP,* 199 F.Supp.2d 461, 486-490 (E.D.Va. 2002) (holder claims under state common law fail causation as a matter of law); *Crocker v. Federal Deposit Ins Corp.*, 826 F.2d 347, 351 (5th Cir. 1987) (common law holder claims were too speculative).  In addition, because a "holder" of securities neither buys nor sells based on any alleged representation, "holder" claims are not "verifiable by documentation" and are entirely speculative.  *Blue Chip Stamps,* 421 U.S. at 742 ("holder" claims would encourage frivolous and "vexatious litigation" and would "throw open to the trier of fact many rather hazy issues of historical fact the proof of which depended almost entirely on oral testimony"); *see also Crocker*, 826 F.2d at 351; *Arent v. Distrib. Sciences, Inc.*, 975 F.2d 1370 (8th Cir. 1992) (rejecting "holder" claim due to the inherently speculative nature of damages); *In re Worldcom, Inc. Se.c Litig.*, 336 F.Supp.2d at 319 (same).

As in *Crocker* and *Arent*, Plaintiffs' claim in this case depends on the assumption that they could have received their investment back "had the truth been told."  (Complaint, ¶163).  However, Plaintiffs' own allegations establish that from the moment they were made, the investments had "no market value at all," and Plaintiffs suffered their losses the minute they made their alleged investments.  (Complaint, ¶ 115).  *See Arnlund*, 199 F.Supp.2d at 488 (quoting *Arent,* 975 F.2d at 1374) (dismissing a common law fraud claim on the basis that "Plaintiffs were not harmed because they were unable to realize the true value of their stock-they were harmed because the true value of their stock was zero."); *Kagan v. Edison Bros. Stores, Inc.,* 907 F.2d 690, 692 (7th Cir. 1990) (the "difficulty with [plaintiffs'] position is that the deceit is not coupled with the injury").  Moreover, "had the truth been told" sooner, all of the Plaintiffs would have demanded their investments back, resulting only in an earlier collapse of the Ponzi

scheme. *Kagan*, 907 F.2d at 692; *Arent*, 975 F.2d at 1374 (finding that "if everyone had known this adverse fact, then the stock's value would have reflected the adversity"). In other words, even if the Defendants had knowledge of the Ponzi scheme (and they did not) and had disclosed this knowledge at some earlier point in time, it would not have made any difference to "holders" of investments in May's LLCs. In the context of an alleged Ponzi scheme, a claim for post-purchase fraud simply makes no sense, and Plaintiffs' claim should be dismissed.

> **b.      Even If There Was A Cause Of Action For Post-Purchase Common Law Fraud, Plaintiffs Cannot State A Claim Against The SamJack Defendants**

Even if Michigan recognized a claim for "holder" liability, and it does not, Plaintiffs have failed to plead such a claim with the requisite particularity. The few meager allegations in the Complaint directed at the SamJack Defendants do not satisfy Federal Rule 9(b)'s particularity requirements. Plaintiffs' fraud-based claims against the SamJack Defendants are based entirely on the allegation that the SamJack Defendants "caus[ed] monthly summaries to be mailed to those same plaintiffs relative to those same LLCs, which summaries all Defendants knew were false, or were acting in reckless disregard of the truth." (Complaint, ¶ 159). This allegation only highlights the deficiency of Plaintiffs' pleadings. Despite the significance of this allegation, Plaintiffs never identify any specific monthly summary which was prepared by the SamJack Defendants, or whether any particular Plaintiffs received, reviewed, and relied on a specific monthly summary. As the Complaint alleges, May created hundreds of LLCs over the course of more than a decade, each with different sets of investors at different times. Moreover, as the Complaint acknowledges that many of the Plaintiffs, including Birchfield himself, did not even invest in the May LLCs until 2007, it is unlikely that these Plaintiffs ever even received a single

monthly summary, as the scheme collapsed a month later.  Plaintiffs also do not identify a single "investor" who ever called the 800 number allegedly answered by Nancy O'Rilley or Joann Fox (Complaint, ¶ 130) or what misstatement was allegedly made by Nancy O'Rilley or Joann Fox in the particular call.  While Plaintiffs allege in conclusory fashion that "each of these ladies *had to have* a full understanding of the scheme," Plaintiffs fail to allege *any* facts supporting this bold conclusion.  (Complaint, ¶ 130) (emphasis supplied).

Plaintiffs' dependence on the SamJack Defendants' supposed access to information is not sufficient as a matter of law to support a claim for fraud.  "It is well-established in the Sixth Circuit that fraudulent intent cannot be inferred merely from one's position in a company and alleged access to information.  Rather, the complaint must allege specific facts or circumstances that suggest knowledge." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 436 F.Supp.2d 873, 896 (N.D. Ohio 2006) (finding allegations that the defendants had signed company reports, participated in conference calls regarding the company's financial performance, and commented on the company's financial performance to the press insufficient to support knowledge element of fraud claim).  Plaintiffs' attempt to establish fraudulent intent through the SamJack Defendants' alleged access to information is insufficient as matter of law.  Plaintiffs cannot state a claim against the SamJack Defendants for post-purchase fraud.  Accordingly, the Complaint's post-purchase common law fraud claim should be dismissed.

### 4.   Plaintiffs' Complaint Fails To State Claims Against The SamJack Defendants For Aiding And Abetting or Conspiracy To Commit Post-Purchase Common Law Fraud

Plaintiffs' claims for conspiracy to commit and for aiding and abetting post-purchase common law fraud are likewise factually and legally deficient.  As set forth above, the action on

11

which these claims are based, post-purchase fraud, is not a legally cognizable claim.  There is no cause of action for conspiracy or aiding and abetting in the absence of an actionable underlying claim.  *Earp v. City of Detroit*, 16 Mich.App. 271, 275, 167 N.W.2d 841 (1969) (there is no cause of action for conspiracy alone, in the absence of an actionable underlying claim); *Laury v. Colonial Title Co.*, No. 272727, 2007 WL 1376352, *3 (Mich. App. May 10, 2007) (unpublished, Dkt. 8-10) (dismissing conspiracy claim because the underlying fraud claim failed)*; The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,* 262 Mich.App. 485, 507, 686 N.W.2d 770, 786 (Mich. App. 2004) ("[b]ecause there is no basis for the underlying tort with regard to Paxton, the trial court did not err in granting summary disposition to that party").  It is also unclear whether aiding and abetting or conspiracy claims premised on securities fraud are even recognized causes of action.  The Michigan Supreme Court has not recognized a claim for aiding and abetting fraud, and federal courts have repeatedly denied aiding and abetting and conspiracy claims premised on securities fraud.  *See Vennittilli v. Primerica, Inc.*, 943 F.Supp. 793 (E.D. Mich. 1996) (dismissing aiding and abetting securities fraud claim because there is no private cause of action for such a claim); *see also Central Bank of Denver NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164, 114 S.Ct. 1439 (1994) (same).  However, even if such claims exists, Plaintiffs have failed to allege the elements necessary for aiding and abetting or conspiracy liability.

For both aiding and abetting and conspiracy liability, Plaintiffs must allege that the SamJack Defendants had the same scienter as the person committing the fraud.  *Chase Bank of Texas, NA v. Grant Thornton LLP*, No. 236237, 2003 WL 21350362, *4 (Mich.App. June 10, 2003) (unpublished, Dkt. 6-4) (affirming summary disposition of aiding and abetting fraud claim

and requiring substantial assistance and the same degree of scienter as the person committing the actual fraud).  Allegations that the SamJack Defendants received payments for services from an alleged fraudster are insufficient to establish the necessary intent for a conspiracy or aiding and abetting claim.  *See, e.g., BELT, Inc. v. Wachovia Corp.*, 403 F.3d 474, 477 (7th Cir. 2005) ("Someone who sells a car at market price to Charles Ponzi is entitled to keep the money without becoming liable to Ponzi's victims for the loss created by his scheme."); *Bd. of Trustees of Policemen & Firemen Ret. Sys. v. Grant Thornton, LLP.*, No. 236415, 2003 WL 1343369, at *4 (Mich.App. Mar. 11, 2003) (unpublished, Dkt. 6-7) (the fact that an entity receives fees for its work does not imply that it had an intent to participate in or cover up fraud).  The payments to SamJack for providing purely ministerial services to the LLCs are not sufficient to establish aiding and abetting liability.  Count V must be dismissed as to the SamJack Defendants

Plaintiffs' claims also fail because an aider and abettor or a conspirator must have actual knowledge of the primary actor's fraud – constructive knowledge or inquiry notice of the fraud is not sufficient to state a claim.  *In re Nat'l Century Fin. Enters., Inc.*, 504 F.Supp.2d 287, 321 (S.D.Oh. 2007) (dismissing an aiding and abetting claim because the allegations did not support an inference of actual knowledge); *US v. Beckner*, 134 F.3d 714, 720 (5th Cir. 1998) ("to be convicted of aiding and abetting a [] fraud, the [defendant] must have had actual knowledge of the fraud. . ."). Plaintiffs' conspiracy claim against the SamJack Defendants rests on generalized, conclusory allegations that all Defendants "agree[d], in fact, among the other defendant and with Ed May, to commit the fraud described in Count IV." (Complaint, ¶ 172). Plaintiffs fail to provide anything close to particularized allegations that each of the SamJack

Defendants had actual knowledge of the fraud or acted with fraudulent intent.  Plaintiffs' Counts V and VI should be dismissed.

**5.**  **Plaintiffs' Complaint Fails To State A Claim Against The SamJack Defendants For RICO Violations**

Plaintiffs' RICO claim fails for several reasons.  First, Plaintiffs' RICO claim cannot be premised on alleged conduct that is actionable as securities fraud, as Plaintiffs claim here by basing their claim on the alleged "control" and participation in the securities fraud scheme of Edward May.  (*See, e.g*., Complaint, ¶ 176).  Second, Plaintiffs have failed to allege with particularity the basic elements of a RICO claim as to the SamJack Defendants.  "In order to establish a RICO violation, a plaintiff must show:  1) two or more predicate offenses; 2) the existence of an 'enterprise'; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to business."  *Snowden v. Lexmark Int'l, Inc.,* 237 F.3d 620, 621 (6th Cir. 2001). The Supreme Court has described the pattern requirement as "the heart of any RICO complaint."  *Id.*   RICO civil claims also require proximate cause.  *Trollinger v Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004).  "[M]ere allegation and/or evidence that an injury to the plaintiff would not have occurred 'but for' the defendant's alleged RICO violation (that is, that the plaintiff sustained a mere 'injury in fact') is insufficient to establish RICO causation."  *Pik-Coal Co. v. Big Rivers Elec. Corp.,* 200 F.3d 884, 889 (6th Cir. 2000).

In this case, although Plaintiffs attempt to brand their allegations as premised on mail fraud, Plaintiffs' underlying allegations are based on the alleged "control" and participation in the securities fraud scheme of Edward May.  (Complaint, ¶ 176).  By law, no RICO claim may be based on alleged conduct actionable as a securities fraud, because the RICO statute provides that "no person may rely upon any conduct that would have been actionable as fraud in the

14

purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c); *see Yadlosky v. Grant Thornton, LLP,* 120 F.Supp.2d 622 (E.D.Mich. 2000) (dismissing RICO claim against accountants that related to securities fraud). Plaintiffs cannot salvage a RICO claim by relying on mail or wire fraud, where the underlying conduct would have been actionable as securities fraud. *ABF Cap. Mgmt. v. Askin Cap. Mgmt., L.P.*, 957 F.Supp. 1308, 1319 (S.D.N.Y. 1997) ("a plaintiff may not plead other specified offenses, such as mail or wire fraud, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud"); *Bald Eagle Area Sch. Dist. V. Keystone Fin., Inc*., 189 F.3d 321, 329 (3rd Cir. 1999) (holding that the PSLRA bars an action where some, but not all, of the predicate acts are actionable as securities fraud, because allowing a "surgical presentation of the cause of action ... undermine[s] the congressional intent behind the RICO Amendment."). Here, as May's alleged conduct was actionable as securities fraud, Plaintiffs' RICO claim should be dismissed. *Gatz v. Ponsoldt*, 297 F. Supp. 2d 719, 731 (D. Del. 2003) ("A plaintiff cannot circumvent the PSLRA's exclusion of securities fraud as a RICO predicate act through artful pleading.").

RICO also bars an action based on a post-purchase "holder" claim as well, because that claim is "actionable as fraud in the purchase or sale of securities" in that the SEC can bring such an action (or it can be prosecuted criminally). *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 80 (2006) ("The limitation [in Blue Chip Stamps] of course had no application in Government enforcement actions brought pursuant to Rule 10b-5."). Section 1964(c) does not require that "actionable" claims are limited by the standing of the plaintiff, and many courts have found that such actions are barred even if the plaintiffs do not have standing to

assert the claim.  *See, e.g., Howard v. American Online, Inc*., 208 F.3d 741, 749 (9th Cir. 2000) (the PSLRA acted to bar RICO claim despite the fact that he named plaintiffs did not have standing because the alleged conduct "could be brought by a plaintiff with proper standing"); *Cook v. Campbell*, 482 F.Supp.2d 1341, 1350 (M.D. Ala. 2007) ("The RICO Amendment bars claims based on conduct that could be actionable under the securities laws even when the plaintiff, himself, cannot bring a cause of action under the securities laws.").

        In addition, where a RICO claim alleges fraud as the predicate act, the particularity requirements of Federal Rule 9(b) apply.  *See, e.g., Advocacy Org.,* 176 F.3d at 323 (dismissing RICO claim for lack of particularity).  In addition to the particularity requirements of Federal Rule 9(b), to state a claim for conspiracy under 18 U.S.C. §1962(d), "a plaintiff must plead that the defendant agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity."  *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,* 200 F.Supp.2d 756, 759 (E.D.Mich. 2002); *Krear,* 961 F.Supp. at 1071. "Plaintiffs must allege facts which evince *each* defendant's agreement to participate in what he knew to be a collective venture toward a common goal."  *Betulius v. Hanna,* No. 4:96-CV-92, 1996 WL 900413, *5 (W.D.Mich. Dec. 10, 1996) (unpublished) (Dkt. 6-10) (emphasis added). "[C]onclusory allegations of a RICO conspiracy are legally insufficient." *McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.,* 644 F.Supp. 580, 585 (E.D.Mich 1986) ("complaint fails to allege an agreement, which is the essential element of any conspiracy charge").

        Plaintiffs' RICO count is conclusory and insufficient as a matter of law.  At most, Plaintiffs have alleged facts demonstrating that May, the admittedly culpable party, may have

used the services of the SamJack Defendants to perpetrate a fraudulent Ponzi scheme, but there are no particularized allegations to suggest that the SamJack Defendants were knowing and willing participants in May's scheme or that the SamJack Defendants performed any act with the intent to defraud.  Without such particularized allegations, Plaintiffs' RICO claim should be dismissed.

### B.      Plaintiffs Fail To State A Claim For Statutory Conversion Against SamJack

Plaintiffs' claim for conversion, Count VIII, likewise fails as a matter of law.  The loss of non-specific money cannot form the basis of a conversion claim. *Garras v Bekiares*, 315 Mich. 141, 147-149, 23 N.W.2d 239 (1946).  To state a claim for conversion, Plaintiffs must allege that they gave specific money to SamJack, and that SamJack was obligated to return that identical money.  *Echelon Homes, LLC v Carter Lumber Co*, 261 Mich.App. 424, 436-38,683 N.W.2d 171, *rev'd on other grounds* 472 Mich 192 (2005) (no conversion because embezzler not "obligated to return the 'specific or identical moneys' taken").  Here, Plaintiffs' allegations that their investment monies were supposed to be used for specific purposes, but were not, miss the mark.  Importantly, Plaintiffs did not provide their investment money to the SamJack Defendants or receive any promise from them to return this money.  Rather, Plaintiffs provided their money to May as an investment in the hopes that it would earn dividends over a period of many months in the form of distributions from the May LLCs.  Indeed, if May was allegedly running a Ponzi scheme, in which he essentially was "robbing Peter to pay Paul," the Plaintiffs' actual money was gone the minute they provided it to May.  Therefore, the Plaintiffs cannot state a claim for conversion against the SamJack Defendants as a matter of law.

**C.** **Plaintiffs Fail To State A Claim For Aiding and Abetting Breach of Fiduciary Duty Against The SamJack Defendants**

It is unclear whether Michigan courts even recognize the cause of action alleged in Plaintiffs' Count XI.  Regardless, Plaintiffs' aiding and abetting a breach of fiduciary duty claim fails to state a claim by relying entirely on group pleading.  Although Plaintiffs' Complaint alleges May is a fiduciary, it fails to allege that a single Plaintiff ever talked to May, was under his influence or control, or had a special relationship of trust with May.  *See, e.g., German Free State of Bavaria v. Toyoba Co., LTD.,*No. 06-cv-407, 2007 U.S. Dist. LEXIS 75395, at \*19-20 (W.D. Mich. Oct. 10, 2007) (unpublished, attached as Ex. C).  Even the close relationship of a client with a stockbroker or investment advisor does not create a fiduciary duty, unless the broker/advisor has discretion to determine what investments to make with the client's funds.  *First of Michigan Corp. v. Swick*, 894 F.Supp 298, 301 (E.D. Mich. 1995).  When, like the Plaintiffs in this case, the investor chooses his own investments, no fiduciary duty exists.  *Id*.  Plaintiffs' allegations regarding May's breach of fiduciary duty are insufficient to establish a claim premised on that breach.

To state a claim for aiding and abetting, Plaintiffs must allege that the SamJack Defendants had the same degree of scienter as May in committing the breach.  *See, e.g., Chase Bank of Texas, NA*, 2003 WL 21350362, at \*4 ("The alleged abettor is required to have the same degree of scienter as the person committing the actual fraud.").  Constructive knowledge is not sufficient to establish such a claim.  *Carson Fischer*, PLC, v. Standard Fed. Bank, 2005 WL 292343 at \*6 (Mich. App. 2005) (unpublished, Dkt. 6-6) *rev'd in part on other grounds*, 475 Mich. 851 (2006) (holding that alleging that defendant bank "knew or should have known" of its' customer's scheme "is not the equivalent of 'substantially assisting'" the customer's

18

embezzlement).  Further, Plaintiffs must adequately allege the harm resulting from Defendants actions.

Here, Plaintiffs have failed to provide allegations establishing the basic elements of an aiding and abetting claim against the SamJack Defendants.  Plaintiffs again impermissibly group all Plaintiffs and all Defendants together in the claim.  In addition, as with the aiding and abetting post-purchase fraud claim, Plaintiffs fail to adequately allege harm resulting from acts of the SamJack Defendants.  Although Plaintiffs allege the aiding and abetting caused them to forego rescission, Plaintiffs admittedly lost their investments the moment they were made. (Complaint ¶¶ 115, 247).  Plaintiffs also fail to refer to any specific Plaintiffs in their claim, or identify the specific actions by each of the Defendants which led to this alleged harm.  Plaintiffs' claim for aiding and abetting breach of fiduciary duty fails to state a claim and must be dismissed as a matter of law.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants SamJack Investments, Inc., Joann Fox, and Nancy O'Rilley respectfully request that this Court dismiss the Plaintiffs' Complaint as against them with prejudice.

Dated:  March 1, 2010                          Respectfully submitted,

                                               FOLEY & LARDNER LLP

                                               _____/s/ Scott Seabolt_____

Lisa L. Tharpe (of counsel)                    Scott Seabolt (P55890)
Foley & Lardner LLP                            One Detroit Center
321 North Clark St., Suite 2800                500 Woodward Ave., Suite 2700
Chicago, Illinois  60610                       Detroit, Michigan 48226-3489
Phone:  (312) 832-4500                         Phone:  (313) 234-7100
email:  ltharpe@foley.com                      email:  sseabolt@foley.com

                                               *Attorneys for Defendants Todd R. Fox, James
                                               O'Rilley, Joann Fox, Nancy O'Rilley and
                                               SamJack Investments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010 I electronically filed the foregoing papers with the

Clerk of the Court using the ECF system which will send notification of such filing to R.

Christopher Cataldo at ccataldo@jaffelaw.com, John W. Schryber at

jschryber@pattonboggs.com, Norah D. Molnar at nmolnar@pattonboggs.com, Scott L. Silver at

silver@stockattorneys.com, Dennis M. Haffey at dhaffey@dykema.com, and Benjamin W.

Jeffers at bjeffers@dykema.com.

Dated:  March 1, 2010

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt_____

Lisa L. Tharpe (of counsel)            Scott Seabolt (P55890)
Foley & Lardner LLP                    One Detroit Center
321 North Clark St., Suite 2800        500 Woodward Ave., Suite 2700
Chicago, Illinois  60610               Detroit, Michigan 48226-3489
Phone:  (312) 832-4500                 Phone:  (313) 234-7100
email:  ltharpe@foley.com              email:  sseabolt@foley.com

*Attorneys for Defendants Todd R. Fox, James
O'Rilley, Joann Fox, Nancy O'Rilley and
SamJack Investments, Inc.*