# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WILLIAM BIRCHFIELD, *et al.*

        Plaintiffs,

vs.

DOEREN MAYHEW & COMPANY,
PROFESSIONAL CORPORATION d/b/a
DOEREN MAYHEW, TODD R. FOX,
JAMES P. O'RILLEY, JOANN FOX,
NANCY O'RILLEY, and SAMJACK
INVESTMENTS, INC.,

        Defendants.

Case No. 2:09-cv-13140

Consolidated Case No. 2:08-cv-11261

Honorable Arthur Tarnow

---

**DEFENDANTS TODD R. FOX AND
JAMES P. O'RILLEY'S MOTION TO
DISMISS *BIRCHFIELD* COMPLAINT**

---

R. Christopher Cataldo (P39353)
Attorneys for Plaintiffs
Jaffe, Raitt, Heuer & Weiss, PC
27777 Franklin Rd., Ste. 2500
Southfield, MI  48034
(248) 351-3000
ccataldo@jaffelaw.com


John W. Schryber
David C. Silver
Norah D. Molnar
Attorneys for Plaintiffs
Patton Boggs LLP
2550 M St., NW
Washington, DC  20037
(202) 457-6000
jschryber@pattonboggs.com

Dennis M. Haffey (P26378)
Benjamin W. Jeffers (P57161)
Attorneys for Doeren Mayhew & Co., P.C.
Dykema Gossett PLLC
39577 Woodward, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0813
dhaffey@dykema.com


Scott T. Seabolt (P55890)
Attorneys for Defendants Todd Fox, James
  O'Rilley, JoAnn Fox, Nancy O'Rilley,
  And SamJack Investments, Inc.
Foley & Lardner LLP
One Detroit Center
500 Woodward Ave., Ste. 2700
Detroit, MI  48226
(313) 234-7115
sseabolt@foley.com

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

### DEFENDANTS TODD R. FOX AND JAMES P. O'RILLEY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)

Defendants Todd R. Fox ("Fox") and James P. O'Rilley ("O'Rilley"), by and through their attorneys, Foley & Lardner LLP, and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), move this Court for an order dismissing all counts of Plaintiffs' Complaint against them.  In support of their Motion, Fox and O'Rilley rely on the pleadings and records on file with the Court and the reasons more fully set forth in the accompanying Brief in Support.

In compliance with Local Rule 7.1, counsel for Fox and O'Rilley have had multiple discussions with counsel for Plaintiffs regarding the substance of this Motion and seeking concurrence for the relief requested.  Concurrence has not been forthcoming.

WHEREFORE, for these reasons and the reasons set forth in the accompanying Brief in Support, Fox and O'Rilley respectfully request that the Court dismiss Plaintiffs' claims against them with prejudice.

Dated:  March 1, 2010

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM BIRCHFIELD, *et al*.

             Plaintiffs,                    Case No. 2:09-cv-13140

vs.                                 Consolidated Case No. 2:08-cv-11261

DOEREN MAYHEW & COMPANY,        Honorable Arthur Tarnow
PROFESSIONAL CORPORATION d/b/a
DOEREN MAYHEW, TODD R. FOX,
JAMES P. O'RILLEY, JOANN FOX,
NANCY O'RILLEY, and SAMJACK
INVESTMENTS, INC.,

             Defendants.

---

| | |
|---|---|
| R. Christopher Cataldo (P39353) | Dennis M. Haffey (P26378) |
| Attorneys for Plaintiffs | Benjamin W. Jeffers (P57161) |
| Jaffe, Raitt, Heuer & Weiss, PC | Attorneys for Doeren Mayhew & Co., P.C. |
| 27777 Franklin Rd., Ste. 2500 | Dykema Gossett PLLC |
| Southfield, MI  48034 | 39577 Woodward, Suite 300 |
| (248) 351-3000 | Bloomfield Hills, MI 48304 |
| ccataldo@jaffelaw.com | (248) 203-0813 |
| | dhaffey@dykema.com |
| | |
| John W. Schryber | Scott T. Seabolt (P55890) |
| David C. Silver | Attorneys for Defendants Todd Fox, James |
| Norah D. Molnar |   O'Rilley, JoAnn Fox, Nancy O'Rilley, |
| Attorneys for Plaintiffs |   And SamJack Investments, Inc. |
| Patton Boggs LLP | Foley & Lardner LLP |
| 2550 M St., NW | One Detroit Center |
| Washington, DC  20037 | 500 Woodward Ave., Ste. 2700 |
| (202) 457-6000 | Detroit, MI  48226 |
| jschryber@pattonboggs.com | (313) 234-7115 |
| | sseabolt@foley.com |

---

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

**BRIEF IN SUPPORT OF**
**DEFENDANTS TODD R. FOX AND JAMES P. O'RILLEY'S MOTION TO DISMISS**
**<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................I

STATEMENT OF ISSUES PRESENTED ...................................................................III

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY ......................V

I.     INTRODUCTION ...............................................................................................1

II.    PROCEDURAL AND FACTUAL BACKGROUND ...........................................3

III.   STANDARD OF REVIEW .................................................................................4

IV.   ARGUMENT ......................................................................................................4

     A.    PLAINTIFFS' CLAIMS PREMISED ON FRAUD FAIL AS A MATTER OF LAW ....................................................................................................4

          1.    Plaintiffs Do Not Meet The Heightened Pleading Requirements Of Federal Rule 9(b) In Counts I, III and IV-VIII ...............5

          2.    The Fundamental Allegations Against Fox And O'Rilley Do Not Constitute Fraud. ..............................................................7

          3.    Plaintiffs Fail to State Claims For Common Law Or Rule 10b-5 Securities Fraud. ......................................................10

               a.    Plaintiffs' Claims Fail Because They Are Premised on "Secondary" Or "Promoter Liability." ..........................10

               b.    Plaintiffs Fail to Allege Facts To Support Each of The Elements of Fraud ........................................11

               c.    Fox and O'Rilley Did Not Have The Requisite Scienter For Fraud. ...................................................11

          4.    Counts IV-VI Fail to State "Holder" Claims Against Fox and O'Rilley ................................................................12

               a.    Even If A Cause Of Action For Post-Purchase Common Law Fraud Existed, Plaintiffs Cannot State A Claim Against Fox And O'Rilley ..........................................13

b.    Plaintiffs' Counts V and VI Fail To State Claims Against Fox and O'Rilley For Aiding And Abetting or Conspiracy To Commit Post-Purchase Common Law Fraud ...........................14

5.    Plaintiffs' Complaint Fails To State A Claim For RICO Violations .........15

B.    COUNTS II, IX, X, AND XI FAIL TO STATE CLAIMS BECAUSE PLAINTIFFS ARE NOT CLIENTS OF FOX AND O'RILLEY .........................15

C.    COUNTS II, IX, X, AND XI ARE TIME BARRED ...........................................16

CONCLUSION .........................................................................................................................16

CERTIFICATE OF SERVICE ................................................................................................17

## STATEMENT OF ISSUES PRESENTED

1.  Whether the Court should dismiss Counts I and III of Plaintiffs' Complaint for common law and federal securities fraud where Plaintiffs have not alleged any particularized facts demonstrating that Fox and O'Rilley made any knowingly false statements upon which even one of the alleged Plaintiffs relied?

    Fox and O'Rilley say "yes."

2.  Whether the Court should dismiss Counts II and IX of Plaintiffs' Complaint for negligent misrepresentation because Michigan's Accountant Liability Act permits only "intentional" misrepresentation, barring negligence and other claims by non-clients like Plaintiffs?

    Fox and O'Rilley say "yes."

3.  Whether the Court should dismiss Counts IV-VI of Plaintiffs' Complaint where there is no recognized cause of action for "post-purchase fraud" under Michigan law, and where Plaintiffs have not alleged any particularized facts demonstrating that Fox and O'Rilley made any knowingly false statements upon which even one of the alleged Plaintiffs relied.

    Fox and O'Rilley say "yes."

4.  Whether the Court should dismiss Count VII of Plaintiffs' Complaint where securities fraud is not a predicate act for RICO and there are no particularized allegations that Fox and O'Rilley engaged in fraud or otherwise committed any predicate act required to sustain a RICO claim?

    Fox and O'Rilley say "yes."

5.  Whether the Court should dismiss Count X of Plaintiffs' Complaint where Fox and O'Rilley were not fiduciaries to the Plaintiffs and could not have breached any fiduciary duty?

    Fox and O'Rilley say "yes."

6.  Whether the Court should dismiss Count XI of Plaintiffs' Complaint where Fox and O'Rilley could not have aided and abetted a breach of fiduciary duty because Edward May was not a fiduciary, and where Plaintiffs have not alleged facts sufficient for aiding and abetting liability.

    Fox and O'Rilley say "yes."

7.   Whether the Court should dismiss Counts II, IX, X, and XI as time-barred where
     Plaintiffs fails to bring claims within the two year statute of limitations or within 6
     months of discovery of their claims?

     Fox and O'Rilley say "yes."

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

**On Questions 1-7:** Federal Rule of Civil Procedure 12(b)(6)

**On Question 1:** Federal Rule of Civil Procedure 9(b); 15 U.S.C. § 78u-4(b); *Central Bank of Denver, NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164 (1994); *Ley v. Visteon Corp.*, 543 F.3d 801 (6th Cir. 2008); *Fidel v. Farley*, 392 F.3d 220 (6th Cir. 2004); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004); *In re Refco, Inc. Securities Litigation*, 609 F.Supp.2d 304 (S.D.N.Y. 2009)

**On Question 2:** M.C.L. § 600.2962; *Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622 (E.D. Mich. 2000)

**On Question 3:** Federal Rule of Civil Procedure 9(b); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917 (1975); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009); *Central Bank of Denver, NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164 (1994)

**On Question 4:** Federal Rule of Civil Procedure 9(b); 18 U.S.C. §§ 1962, 1964(c); *Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622 (E.D. Mich. 2000)

**On Question 5:** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009); *Fruitman v. Rubinstein*, 2010 WL 143478 (Mich. App. No. 286916, Jan. 14, 2010) (unpublished)

**On Question 6:** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009)

**On Question 7:** M.C.L. § 600.5838;  M.C.L. § 600.5805(5)

## **TABLE OF AUTHORITIES**

**C**ASES

*Advocacy Org. for Patients and Providers v. Auto Club Ins Ass'n,*
176 F.3d 315 (6th Cir. 1999) ............................................................. 4

*Arent v. Distr. Sciences, Inc.,* 975 F.2d 1370 (8th Cir. 1992)................................. 12, 13

*Arnlund v. Deloitte & Touche, LLP*, 199 F.Supp.2d 461 (E.D. Va. 2002).................................. 12

*Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) ............................................. v, 4

*Ballan v. Upjohn*, 814 F.Supp. 1375 (W.D. Mich. 1992) ............................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)..................................... v, 4

*Blue Chip Stamps. v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917 (1975) ............................ v

*Brown v. N. Central F. S., Inc.*, 173 F.R.D. 658 (N.D. Iowa 1997) ......................................... 6, 7

*Central Bank of Denver, NA v. First Interstate Bank of Denver, NA*, 511 U.S. 164 (1994)  ......... v

*DE & J LP v. Conaway*, 284 F.Supp.2d 719 (E.D.Mich. 2003).................................................. 7

*DirecTV, Inc. v. Cavanaugh,* 321 F.Supp.2d 825 (E.D.Mich. 2003) ............................................. 5

*Fidel v. Farley*, 392 F.3d 220 (6th Cir. 2004).......................................................... v

*Filler v. Hanvit Bank,* 156 Fed.Appx. 413 (2nd Cir. 2005) ............................................. 5

*Fruitman v. Rubinstein*, 2010 WL 143478 (Mich. App. No. 286916, Jan. 14 2010).................... v

*Genesee Vending, Inc., v. Lorillard Tobacco Co*., No. 04-60091, 2004 U.S. Dist.
LEXIS 24419 (E.D. Mich. Nov. 2, 2004)........................................................... 6

*In re Goodyear Tire & Rubber Co. Sec. Litig.*, 436 F.Supp.2d 873 (N.D. Ohio 2006)............... 14

*In re Refco, Inc. Sec. Litig*., 609 F.Supp.2d 304 (S.D.N.Y. 2009).......................................... v, 11

*Kagan v. Edison Bros. Stores, Inc.,* 907 F.2d 690 (7th Cir. 1990) ............................................. 12

*Krear v. Malek,* 961 F.Supp. 1065 (E.D.Mich. 1997................................................... 5

*Ley v. Visteon*, 543 F.3d 801 (6th Cir. 2008) ........................................................ v, 8, 9

*PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004) ...................................... v

*S.E.C. v. Edward May*, No. 2:07-cv-14954 (E.D. Mich.) ................................................. 1

*S.E.C. v. Madoff*, No. 08civ10791 (S.D.N.Y.) ............................................................. 2

*S.E.C. v. Stanford Int'l Bank, Ltd.*, No. 09-cv-0298 (N.D. Tex.) .................................... 2

*Tellabs, Inc. v. Makor Issues and Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499 (2007) .............. 4, 5

*United States of America v. Edward P. May,* No. 2:09-cr-20482 (E.D. Mich.) ........................... 1

*Yadlosky v. Grant Thornton, LLP,* 120 F.Supp.2d 622 (E.D. Mich. 2000) ................................. v

## STATUTES, RULES & REGULATIONS

15 U.S.C. § 78j ............................................................................................. 3

15 U.S.C. § 78u-4(b) ....................................................................................... v

18 U.S.C. § 1962 ........................................................................................... v

18 U.S.C. § 1964(c) ....................................................................................... v

M.C.L. § 600.2902 ......................................................................................... v

M.C.L. § 600.5805 ......................................................................................... v

M.C.L. § 600.5838 ......................................................................................... v

Federal Rule of Civil Procedure 12(b)(6) .......................................................... v, 4

Federal Rule of Civil Procedure 9(b) .......................................................... v, 4, 5, 7

## I.       INTRODUCTION

Plaintiffs' Complaint paints a vivid picture of the collapse of an alleged Ponzi scheme controlled and operated by a man named Edward Paul May ("May").   May, a convincing con man, created a business which appeared legitimate on its face and involved the creation of LLCs as part of a telecommunications business.   May brought hundreds of investors into his LLCs before the scheme collapsed in mid-2007.   May has been criminally indicted for his scheme, and the United States Securities and Exchange Commission ("SEC") also sued May and obtained a $37,000,000 judgment against him for securities fraud.[1]

However, although this case arises from the same series of transactions and occurrences at issue in the SEC's case against May, Plaintiffs have not sued May.   Instead, Plaintiffs bring this action against Doeren Mayhew & Co. ("Doeren Mayhew"), an accounting firm which employs defendants Todd Fox ("Fox") and James O'Rilley ("O'Rilley"), and SamJack Investments, Inc. ("SamJack"), which employed defendants Nancy O'Rilley and Joann Fox (collectively, Joann Fox, Nancy O'Rilley, and SamJack are referred to as the "SamJack Defendants").   May engaged the limited services of Doeren Mayhew to prepare the tax returns for the various LLCs several years after starting his business.   Doeren Mayhew, Fox and O'Rilley were never engaged to and did not audit, investigate, or compile a financial statement for the May LLCs.   They merely assisted the LLCs with their tax returns.

While Plaintiffs' Complaint spans 57 pages and includes 256 allegations, Plaintiffs have failed to meet, or even approach, the minimum requirements for pleading causes of action

---

[1] *See United States of America v. Edward P. May* (E.D. Mich. 2:09-cr-20482); *SEC v. Edward May*, (E.D. Mich. #2:07-cv-14954).  A copy of the SEC's complaint against May is Docket No. 8-3.  The Court's final judgment against May is attached as Ex. A.

against Fox and O'Rilley.  Instead, the Complaint tells a captivating story of an elaborate Ponzi scheme, but fails to identify even one statement by Fox or O'Rilley which a Plaintiff relied upon in investing or retaining investments.  While there are over 100 Plaintiffs, *only one* is ever identified in an allegation, which is completely insufficient on its face to establish any cause of action, let alone one for fraud.[2]  Even more egregiously, the complaint refers vaguely to unidentified "investors", without any indication of whether these "investors" happen to be Plaintiffs.  These allegations pertaining to "investors" who are not parties to this action are not relevant and cannot be considered in support of a claim by *these Plaintiffs*.  Plaintiffs also repeatedly point to "red flags" which should have been caught by Fox and O'Rilley; however, these allegations likewise can have no bearing on this litigation where Fox and O'Rilley are not alleged to have been hired to identify, let alone investigate, "red flags."  Indeed, even the SEC, which  is actually charged with investigating such "red flags" (unlike Fox and O'Rilley), failed to uncover Ponzi schemes in its investigations of what become the Madoff and Stanford scandals.[3]  Accepting all allegations in the Complaint as true (and they are not), Plaintiffs fail to state any claims against Fox and O'Rilley.

In addition to lacking factual support, Plaintiffs' claims against Fox and O'Rilley also fail as a matter of law.  Plaintiffs' claims premised on securities fraud overlook that accountants, by law, cannot be subject to "promoter," "secondary," or "aiding-and-abetting" liability for another's issuance of securities.  Although Plaintiffs assert actions based on "post-purchase"

---

[2] Plaintiffs refer to one statement Fox allegedly made to Plaintiff Thomas Howe, but fail to allege Mr. Howe relied on the statement in any way.  (Complaint, ¶  113).

[3] *See, e.g., S.E.C. v. Madoff*, No. 08civ10791 (S.D.N.Y.); *S.E.C. v. Stanford Int'l Bank, Ltd*., No. 09-cv-0298 (N.D. Tex.).

common law fraud, there is no cause of action for "*post*-purchase" common law fraud under Michigan law.  Plaintiffs also cannot rely on securities fraud as a predicate act for their RICO claim, nor have they alleged facts sufficient to state a cause of action for RICO violations. Plaintiffs likewise bring claims for negligence and breach of fiduciary duty while ignoring that only clients can bring such claims against accountants.  It is axiomatic that merely receiving a K-1 from an accounting firm does not automatically create an accountant-client relationship with that firm.  Finally, Plaintiffs cannot state a claim for aiding and abetting a breach of fiduciary duty because May was not a fiduciary to Plaintiffs, and cannot establish Fox and O'Rilley had the same scienter as May.  As more fully explained below, Fox and O'Rilley respectfully request that the Court dismiss Plaintiffs' claims against them.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint on August 11, 2009.  The Complaint includes 13 causes of action, 10 of which are asserted against Fox and O'Rilley: common law fraud in connection with the purchase of unregistered securities (Count I); common law negligent misrepresentation in connection with the purchase of unregistered securities (Count II); fraud in connection with the purchase or sale of securities, 15 U.S.C. § 78j, Rule 10b5 (Count III); post-purchase common law fraud (Count IV), aiding and abetting post-purchase common law fraud (Count V), conspiracy to commit post-purchase common law fraud (Count VI), RICO violations (Count VII), professional negligence (Count IX), breach of fiduciary duty (Count X), and aiding and abetting breach of fiduciary duty (Count XI).  Fox and O'Rilley now move to dismiss these causes of action.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiffs have failed to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009). While courts construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, in reviewing a Rule 12(b)(6) motion to dismiss, "a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557; *see also Advocacy Org. for Patients and Providers v. Auto Club Ins Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) ("[t]o survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'") (citations omitted).

### IV.   ARGUMENT

#### A.   Plaintiffs' Claims Premised On Fraud Fail As a Matter Of Law

Counts I, III, and IV-VII of Plaintiffs' Complaint all are predicated on claims of fraud. However, Plaintiffs fail to allege any of these claims with the particularity required by Rule 9(b) and the PSLRA. In addition, the factual allegations supporting each of these claims do not establish fraud by Fox and O'Rilley; instead, they give rise to the competing inference that Fox and O'Rilley were conned by May, just like the Plaintiffs. Therefore, the fraud claims must be dismissed. *Tellabs, Inc. v. Makor Issues and Rights, Ltd.,* 551 U.S. 308, 310, 127 S.Ct. 2499,

2502 (2007) (finding that, in considering the scienter, plaintiffs must allege facts that overcome "plausible opposing inferences").

### 1.     Plaintiffs Do Not Meet The Heightened Pleading Requirements Of Federal Rule 9(b) In Counts I, III and IV-VIII

Counts I, III, and IV-VII are subject to the heightened pleading requirements of Federal Rule 9(b).  *See, e.g., Filler v. Hanvit Bank,* 156 Fed.Appx. 413, 417 (2nd Cir. 2005).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.C.P. 9(b); *DirecTV, Inc. v. Cavanaugh,* 321 F.Supp.2d 825, 835 (E.D.Mich. 2003) ("Failure to state a fraud claim with particularity constitutes failure to state a claim.").  Pleading fraud with particularity requires each Plaintiff to "specif[y] 1) the parties and the participants to the alleged fraud; 2) the representations made; 3) the nature in which the statements are alleged to be misleading or false; 4) the time, place and content of the representations; 5) the fraudulent scheme; 6) the fraudulent intent of the defendants; 7) reliance on the fraud; and 8) the injury resulting from the fraud."  *Krear v. Malek,* 961 F.Supp. 1065, 1069 (E.D.Mich. 1997).  Finally, "allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made."  *Ballan v. Upjohn*, 814 F.Supp. 1375, 1385 (W.D. Mich. 1992).

Plaintiffs flout the particularity requirements of Rule 9(b) by failing to make *any* plaintiff-by-plaintiff allegations in the Complaint.  This is not a class action, but Plaintiffs plead as if it were, relying exclusively on group pleading and general allegations about unidentified and unknowable "investors"—lacking, with one exception, any reference to the actual Plaintiffs generally, let alone specific Plaintiffs.  (*See, e.g.*, Complaint ¶¶ 3, 6, 8, 10-12, 112-113, 117-118, 124-125, 129-132, 135, 158-159, 177, 221, 223, 231, 236, 245, 249, 254 (allegations all relate to

"investors" and not Plaintiffs)).   There are approximately 100 Plaintiffs identified in the Complaint who allegedly invested in one or more of May's 200+ LLCs on different dates, for different reasons, and relying on different offering memoranda and other information. Yet, there is not a single allegation that any one Plaintiff relied on any one statement regarding his or her investment in any one LLC.  This generalized, "class action" style pleading is wholly inadequate.

For instance, although Plaintiffs allege that Fox and O'Rilley "solicited *investors* at supposed 'dog-and-pony' or 'road' shows targeting investors," yet fail to identify a single meeting – where it was located, when it occurred, what was said.  (Complaint, ¶ 129) (emphasis supplied).  Moreover, not a single Plaintiff is identified as attending any such alleged meeting, speaking with Fox or O'Rilley at those meetings, or investing in reliance on what occurred at those meetings.  In addition, although Plaintiffs mention one particularized alleged statement by Fox to Plaintiff Thomas Howe, Plaintiffs do not allege that Mr. Howe relied on the statement or took any action based on that statement.   (Complaint, ¶ 113).   What other unidentified "investors", not Plaintiffs, may have heard or relied on is not relevant to the claims brought by Plaintiffs, and a wholesale lack of Plaintiff-by-Plaintiff allegations fails to comply with the basic who, what, when, where and how requirements of Rule 9(b).  *See e.g.*, *Genesee Vending, Inc., v. Lorillard Tobacco Co*., No. 04-60091, 2004 U.S. Dist. LEXIS 24419 (E.D. Mich. Nov. 2, 2004) (unpublished, attached as Ex. B) (dismissing a complaint for failing to give defendants' notice of plaintiffs' claims "because it is phrased as a class action rather than a lawsuit asserting the separate factual claims of **multiple plaintiffs**") (emphasis in original); *Brown v. N. Central F. S., Inc.*, 173 F.R.D. 658, 666 (N.D. Iowa 1997) ("each plaintiff must allege he or she was the victim

of specific materially false statements in relation to the transaction in which he or she was involved," with allegations "broken down" by plaintiff).

Plaintiffs likewise group "all Defendants" together throughout the Complaint, using generalized allegations that "all Defendants knew" without particularized allegations as to what each Defendant intended, knew, or said (and to whom).  (*See, e.g.*, Complaint, Count IV, ¶159. ) Such "[g]roup pleading is clearly inconsistent with Rule 9(b)'s express requirements of specificity."  *DE & J LP v. Conaway*, 284 F.Supp.2d 719, 730 (E.D.Mich. 2003) (citations omitted). "[A]ttributing *all* the alleged misrepresentations to *all* Defendants" is insufficient as a matter of law to state a claim against specific defendants.  *DE & J*, 284 F.Supp.2d at 730-31. Instead, "the plaintiff must allege with specificity facts demonstrating a *specific defendant's personal involvement* in the preparation of the allegedly misleading statements or direct 'operational involvement' with the company; conclusory allegations that the defendant was 'involved in the day to day operations' are insufficient."  *Id.* at 732 (emphasis supplied). Plaintiffs' Complaint, which resorts to group pleading for both Plaintiffs and Defendants, fails to even approach the requirements of Rule 9(b) and therefore must be dismissed.

### 2.    The Fundamental Allegations Against Fox And O'Rilley Do Not Constitute Fraud.

Plaintiffs assert several failed, flawed, and contradictory counts against Fox and O'Rilley. However, all of the claims fail because the conclusory allegations do not establish that Fox and O'Rilley had actual knowledge of May's scheme, or knowingly conspired, controlled, operated, or perpetuated the scheme.  Nor do the Plaintiffs allege with particularity that either Fox or O'Rilley solicited or made misrepresentations to specific Plaintiffs in this action that caused them to invest or retain their investments.

Although Plaintiffs offer conclusory allegations that Fox and O'Rilley helped prepare, review, and edit the offering memoranda sent by May to investors (Complaint, ¶ 8), the particularized allegations contradict this "fact."   Plaintiffs point only to one instance of O'Rilley's involvement with one offering memorandum relating to a single LLC, which occurred in October 2006.[4]   (Dkt. 36-2; Complaint, ¶¶ 106-7).   Although Plaintiffs allege that "all offering memoranda" contained the O'Rilley "tax language" (created on October 24, 2006), Plaintiffs simultaneously allege that the "offering materials" dated back to "1998 (or earlier)." (Complaint, ¶106, 107).   Plaintiffs own nonsensical allegations contradict and undermine themselves.   The October 24, 2006 emails on which the allegation is based further illustrate that O'Rilley proposed one paragraph *limited to tax issues*, and that no other aspect of the offering memorandum was prepared by Fox or O'Rilley.   (Dkt. 36-2.)   O'Rilley's apology for the automatic spell check that his computer ran on the document (which highlighted spelling changes in red) further demonstrate that this proposed language was intended to be limited to the single tax paragraph. (Dkt. 36-2.)   Although Plaintiffs also allege there was other misleading information in the offering memorandum, including the deposit made for equipment (Complaint, ¶ 9), there are no particularized allegations that Fox or O'Rilley drafted this language or another word in the offering memorandum beyond the proposed tax language in October 2006. Moreover, even with respect to the tax language, there is no allegation that May accepted or used O'Rilley's proposed changes after October 2006, or that any Plaintiff ever saw, let alone relied on, O'Rilley's proposed tax language.

---

[4]   Because the Complaint contains allegations arising from a specific email exchange, the email is integral to the Complaint and may be considered under Rule 12.   "In addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint."   *Ley v. Visteon*, 543 F.3d 801, 805 (6th Cir.

The allegations also do not establish that Fox or O'Rilley solicited any of the Plaintiffs to invest in the LLCs. Although Plaintiffs allege that investment was promoted by "dog-and-pony" or "road" shows, they fail to identify a single meeting – where it was located, when it occurred, what was said – and fail to identify a single Plaintiff as attending any such alleged meeting, speaking with Fox or O'Rilley at those meetings, or investing in reliance on what occurred at those meetings. (Complaint, ¶ 129). The one allegation pertaining to a statement by Fox to Plaintiff Thomas Howe (the only Plaintiff-particularized allegation in the entire Complaint) does not even indicate whether Mr. Howe invested in reliance on that statement.[5] (Compliant, ¶ 113).

The allegations instead establish that Fox and O'Rilley performed legitimate tax accounting services pursuant to the limited scope of Doeren Mayhew's engagement by May and the May LLCs. Although Plaintiffs repeatedly allege that Fox and O'Rilley ignored "red flags" or otherwise failed to investigate further when provided information by May and the May LLCs (Complaint, ¶¶ 121-23), Plaintiffs conveniently brush over the fact that Fox and O'Rilley, through their roles as directors at Doeren Mayhew, were tax return preparers for the May LLCs, and had the right and, indeed, the obligation, to rely on the information provided by their client. (Complaint, ¶ 4). Plaintiffs do not allege Doeren Mayhew was ever engaged to audit, investigate, or compile financial statements. While Plaintiffs ominously allege that Fox "grossed up income" when May told him that the cost of purchasing equipment in the prior year was less

---

2008) (citations omitted). This email exchange was filed as Dkt. 36-2.

[5] Plaintiffs allege statements by Fox to certain persons pertaining to "cash flow" problems. (Complaint, ¶ 133). The allegation does not pertain to the purchase or sale of a security, but rather to a loan made to May, and thus is irrelevant to this Complaint. In addition, it is not clear in what capacity the alleged loan was made, as the individuals are named Plaintiffs in both *Acker*, as individuals, and *Birchfield*, as trustees. This allegation exemplifies the defects in Plaintiffs' contradictory and nonsensical allegations.

for an LLC than had been presented on the prior year's tax return, Plaintiffs tellingly do not allege that Fox violated any accounting principles in the alleged "grossing up." (Complaint ¶¶ 121, 123). At their core, these allegations do not establish that Fox or O'Rilley knowingly participated in May's scheme, acted with an intent to defraud, or otherwise operated or controlled the scheme.

### 3. Plaintiffs Fail to State Claims For Common Law Or Rule 10b-5 Securities Fraud.

Plaintiffs' Counts I and III claim fraud in connection with the purchase or sale of securities. Stripped of conclusions, the allegations simply do not constitute fraud: Fox and O'Rilley, as accountants at Doeren Mayhew, provided limited tax accounting services to Doeren Mayhew's client, May and the May LLCs. Even accepting the allegations as true, and they are not, Plaintiffs cannot state a claim for fraud against Fox and O'Rilley.

### a. Plaintiffs' Claims Fail Because They Are Premised on "Secondary" Or "Promoter Liability."

At the heart of Plaintiffs' claims against Fox and O'Rilley, there lies the insurmountable fact that Plaintiffs did not and do not allege that they purchased securities from Fox and O'Rilley. As detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew, there is no "secondary" or "promoter" liability for securities fraud. *See* Brief In Support of Motion to Dismiss ("Doeren Mayhew Brief"), Dkt. #80, § III(A)(1). To save the parties and the Court time and expense, Fox and O'Rilley incorporate by reference the arguments in § III(A)(1) of Doeren Mayhew's Motion to Dismiss.[6]

---

[6] Although Fox and O'Rilley have requested leave to file a brief in excess of 20 pages, Fox and O'Rilley have instead attempted to save the Court and the Parties time and expense by not repeating certain arguments made by Doeren Mayhew which also fully apply to Fox and O'Rilley.

### b.    Plaintiffs Fail to Allege Facts To Support Each of The Elements of Fraud

Plaintiffs also fail to, and cannot, plead the elements of fraud with particularity.  As detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew, Plaintiffs fail to allege each of the elements of fraud on behalf of *each* Plaintiff against *each* Defendant.  *See* Doeren Mayhew Brief, Dkt. #80, § III(A)(3)-(7).[7]

Here, Plaintiffs' allegations against Fox and O'Rilley do not even approach the requirements for primary liability for securities fraud.  No false statements of fact are specifically attributed to Fox or O'Rilley in the offering memoranda when disseminated to Plaintiffs.  *See In re Refco, Inc. Sec. Litig.*, 609 F.Supp.2d 304 (S.D.N.Y. 2009) (dismissing a claim where no false statement was attributed to the defendant at the time of dissemination to Plaintiffs).  Other than the proposed tax language, which Plaintiffs do not allege was a misrepresentation and which was not specifically attributed to O'Rilley, Plaintiffs do not allege facts to support the broad allegation that Fox or O'Rilley were "integrally involved" in or "ultimately responsible" for any other language or assertions, let alone misrepresentations, in the offering memoranda. (Complaint, ¶ 107).  Further, Plaintiffs do not allege that they even received any offering memoranda containing the "tax language" proposed by O'Rilley.  The Complaint thus fails to allege that Fox or O'Rilley were "makers" of any misrepresentations to Plaintiffs.

### c.    Fox and O'Rilley Did Not Have The Requisite Scienter For Fraud.

Plaintiffs Complaint also fails to state a claim because Fox and O'Rilley did not have the requisite scienter for common law or securities fraud.  As detailed in the Motion to Dismiss the

---

[7] Fox and O'Rilley incorporate by reference §§ III(A)(3)-(7) of Doeren Mayhew's Motion to Dismiss.

*Birchfield* Complaint filed by co-defendant Doeren Mayhew, merely asserting conclusory allegations or constructive knowledge is insufficient to allege scienter. *See* Doeren Mayhew Brief, Dkt. #80, § III(A)(6).[8]

### 4.      Counts IV-VI Fail to State "Holder" Claims Against Fox and O'Rilley

Plaintiffs' claim in Counts IV-VI claim fraud based on the theory that Plaintiffs held or retained their investments in reliance on post-purchase misrepresentations. As detailed in co-defendant Doeren Mayhew's Motion to Dismiss the *Birchfield* Complaint, such "holder" claims are not recognized by Michigan courts. *See* Doeren Mayhew Brief, Dkt. #80, § III(C)(1).[9]

Plaintiffs' claims in this case also depend on the assumption that they could have received their investment back if the truth had been told. (Complaint, ¶163). However, Plaintiffs' own allegations establish the obvious fact that, from the moment they were made, the investments had "no market value at all," and Plaintiffs suffered their losses the minute they made their alleged investments. (Complaint, ¶ 115). *See Arnlund v. Deloitte & Touche, LLP*, 199 F.Supp.2d 461, 488 (E.D. Va. 2002) (quoting *Arent v. Distr. Sciences, Inc.,* 975 F.2d 1370, 1374 (8th Cir. 1992)) (dismissing a common law fraud claim on the basis that "Plaintiffs were not harmed because they were unable to realize the true value of their stock-they were harmed because the true value of their stock was zero."). Moreover, "had the truth been told" sooner, all of the Plaintiffs would have demanded their investments back, resulting only in an earlier collapse of the Ponzi scheme. *Kagan v. Edison Bros. Stores, Inc.,* 907 F.2d 690, 692 (7th Cir. 1990); *Arent*, 975 F.2d at 1374 (finding that "if everyone had known this adverse fact, then the

---

[8] Fox and O'Rilley incorporate by reference § III(A)(6) of Doeren Mayhew's Motion to Dismiss.

[9] Fox and O'Rilley incorporate by reference § III(C)(1) of Doeren Mayhew's Motion to Dismiss.

stock's value would have reflected the adversity").  In other words, even if the Defendants had knowledge of the Ponzi scheme (and they did not) and had disclosed this knowledge at some earlier point in time, it would not have made any difference to "holders" of investments in May's LLCs.  In the context of an alleged Ponzi scheme, a claim for post-purchase fraud simply makes no sense.

> **a.** **Even If A Cause Of Action For Post-Purchase Common Law Fraud Existed, Plaintiffs Cannot State A Claim Against Fox And O'Rilley**

Even if Michigan recognized a claim for "holder" liability, and it does not, Plaintiffs have failed to plead such a claim with the requisite particularity.  The general allegations in the Complaint directed at Fox and O'Rilley pertaining to this claim do not satisfy Federal Rule 9(b)'s particularity requirements.  Plaintiffs cite the mailing of tax returns (K-1s) for the years 2005 and 2006 and the mailing of monthly summaries as the misrepresentations by "the Defendants" on which Plaintiffs relied.  (Complaint, ¶¶ 158-59).  This allegation reveals the deficiency of Plaintiffs' pleadings.  The Complaint states that many of the *Birchfield* Plaintiffs, including Mr. Birchfield himself, did not even invest in the May LLCs until 2007, and thus could not have "relied on" 2005 or 2006 tax returns.  (Complaint, Ex. A).  As Birchfield invested in July 2007, it is unlikely that he ever even received a single monthly summary, as the scheme collapsed a month later.  (Complaint, Ex. A).  In addition, Plaintiffs never identify any specific monthly summary which was prepared by Fox or O'Rilley, or whether any particular Plaintiffs received, reviewed, or relied on a specific monthly summary.  In fact, Plaintiffs fail to plead many of these elements as to any of the Plaintiffs, referring instead generally to "investors," who are not relevant to this action.

Plaintiffs' claim relies on Fox and O'Rilley's alleged access to information to establish the necessary knowledge and scienter. "It is well-established in the Sixth Circuit that fraudulent intent cannot be inferred merely from one's position in a company and alleged access to information. Rather, the complaint must allege specific facts or circumstances that suggest knowledge." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 436 F.Supp.2d 873, 896 (N.D. Ohio 2006) (finding allegations that the defendants had signed company reports, participated in conference calls regarding the company's financial performance, and commented on the company's financial performance to the press insufficient to support knowledge element of fraud claim). Because Plaintiffs fail to allege with any particularity which Plaintiffs received which alleged misrepresentations, when they were made, and what specific actions each Plaintiff took in reliance on those misrepresentations, Plaintiffs cannot state a claim against Fox and O'Rilley. Accordingly, the Complaint's post-purchase common law fraud claim should be dismissed.

### b. Plaintiffs' Counts V and VI Fail To State Claims Against Fox and O'Rilley For Aiding And Abetting or Conspiracy To Commit Post-Purchase Common Law Fraud

Plaintiffs' claims for conspiracy to commit and aiding and abetting post-purchase common law fraud are likewise factually and legally deficient. As detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew, the action on which these claims are based, post-purchase fraud, is not a legally cognizable claim, and it is unclear whether such claims are even recognized causes of action. *See* Doeren Mayhew Brief, Dkt. #80, § III(C)(2). However, even if such claims exist, Plaintiffs have failed to allege the elements necessary for aiding and abetting or conspiracy liability. (*Id*.).[10]

---

[10] Fox and O'Rilley incorporate by reference § III(C)(2) of Doeren Mayhew's Motion to Dismiss.

**5.      Plaintiffs' Complaint Fails To State A Claim For RICO Violations**

As detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew, Plaintiffs' RICO count is conclusory and insufficient as a matter of law, lacking any particularized allegations to suggest that Fox or O'Rilley were knowing and willing participants in May's scheme or that they performed any act with the intent to defraud.  *See* Doeren Mayhew Brief, Dkt. #80, § III(D).[11]  Without particularized allegations, Plaintiffs' RICO claim should be dismissed.

**B.      Counts II, IX, X, and XI Fail To State Claims Because Plaintiffs Are Not Clients Of Fox And O'Rilley**

Plaintiffs' Counts II, IX, X, and XI rest on largely the same factual allegations as Counts I and III, and thus fail for many of the same reasons identified above.  *See supra* § IV(A). Plaintiffs also fail to overcome the statutory hurdle that Plaintiffs, as non-clients of Fox and O'Rilley, cannot bring claims sounding in negligence (or any of the other common law claims alleged in the Complaint).  In addition, for Count II, Plaintiffs also cannot establish that a client relationship giving rise to a duty of care existed at the time of the misrepresentation—here, at the time Plaintiffs invested as detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew.  *See* Doeren Mayhew Brief, Dkt. #80, §§ III(B), (F), (G), and (H).  Nor can Plaintiffs establish a fiduciary relationship between Fox and O'Rilley and Plaintiffs.  *See* Doeren Mayhew Brief, Dkt. #80, § III(G) and (H).[12]  Plaintiffs' negligence, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty claim fail to state

---

[11] Fox and O'Rilley hereby incorporate by reference § III(D) of Doeren Mayhew's Motion to Dismiss.

[12] Fox and O'Rilley hereby incorporate by reference §§ III(B), (F), (G), and (H) of Doeren Mayhew's Motion to Dismiss.

claims by relying entirely on group pleading and because Plaintiffs, as non-clients, are limited to claims of intentional misrepresentation.  Plaintiffs' Counts II, IX, X, and XI must be dismissed.

### C.   Counts II, IX, X, and XI Are Time Barred

As detailed in the Motion to Dismiss the *Birchfield* Complaint filed by co-defendant Doeren Mayhew,  Plaintiffs have failed to file their claims in Counts II, IX. X. and XI within the applicable statute of limitations.  *See* Doeren Mayhew Brief, Dkt. #80, § III(K).[13]   Counts II, IX, X, and XI accordingly must be dismissed.

### CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants Todd R. Fox and James P. O'Rilley respectfully request that this Court dismiss the Plaintiffs' Complaint as against them with prejudice.

Dated:  March 1, 2010

Respectfully submitted,

FOLEY & LARDNER LLP

_____/s/ Scott Seabolt_____

| | |
|---|---|
| Lisa L. Tharpe (of counsel) | Scott Seabolt (P55890) |
| Foley & Lardner LLP | One Detroit Center |
| 321 North Clark St., Suite 2800 | 500 Woodward Ave., Suite 2700 |
| Chicago, Illinois  60610 | Detroit, Michigan 48226-3489 |
| Phone:  (312) 832-4500 | Phone:  (313) 234-7100 |
| email:  ltharpe@foley.com | email:  sseabolt@foley.com |

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*

---

[13] Fox and O'Rilley hereby incorporate by reference § III(K) of Doeren Mayhew's Motion to Dismiss.

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to R. Christopher Cataldo at ccataldo@jaffelaw.com, John W. Schryber at jschryber@pattonboggs.com, Norah D. Molnar at nmolnar@pattonboggs.com, Scott L. Silver at silver@stockattorneys.com, Dennis M. Haffey at dhaffey@dykema.com, and Benjamin W. Jeffers at bjeffers@dykema.com.

Dated:  March 1, 2010

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt
Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*

17