**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| WILLIAM BIRCHFIELD, *et al*. | |
| Plaintiffs, | Case No. 2:09-cv-13140 |
| vs. | Consolidated Case No. 2:08-cv-11261 |
| DOEREN MAYHEW & COMPANY, PROFESSIONAL CORPORATION d/b/a DOEREN MAYHEW, TODD R. FOX, JAMES P. O'RILLEY, JOANN FOX, NANCY O'RILLEY, and SAMJACK INVESTMENTS, INC., | Honorable Arthur Tarnow |
| Defendants. | |

R. Christopher Cataldo (P39353)
Attorneys for Plaintiffs
Jaffe, Raitt, Heuer & Weiss, PC
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com

John W. Schryber
David C. Silver
Norah D. Molnar
Attorneys for Plaintiffs
Patton Boggs LLP
2550 M St., NW
Washington, DC 20037
(202) 457-6000
jschryber@pattonboggs.com

Dennis M. Haffey (P26378)
Benjamin W. Jeffers (P57161)
Attorneys for Doeren Mayhew & Co., P.C.
Dykema Gossett PLLC
39577 Woodward, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0813
dhaffey@dykema.com

Scott T. Seabolt (P55890)
Attorneys for Defendants Todd Fox, James
 O'Rilley, JoAnn Fox, Nancy O'Rilley,
 And SamJack Investments, Inc.
Foley & Lardner LLP
One Detroit Center
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
(313) 234-7115
sseabolt@foley.com

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

**REPLY IN SUPPORT OF
DEFENDANTS SAMJACK INVESTMENTS INC.'S,
JOANN FOX'S AND NANCY O'RILLEY'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ 1

TABLE OF AUTHORITIES ......................................................................................................... 2

INTRODUCTION .......................................................................................................................... 1

I.     ARGUMENT ................................................................................................................ 2

        A.     THE COMPLAINT IS DEVOID OF ALLEGATIONS TO SUPPORT A NEW AGENCY THEORY ....................................................................................... 2

        B.     PLAINTIFFS FAIL TO STATE CLAIMS FOR FRAUD (IV), AIDING AND ABETTING FRAUD (V), OR CONSPIRACY TO COMMIT FRAUD (VI) ............................................................................................................ 2

        C.     PLAINTIFFS FAIL TO STATE A CLAIM FOR RICO ....................................... 4

        D.     PLAINTIFFS FAIL TO STATE A CLAIM FOR STATUTORY CONVERSION AGAINST SAMJACK ................................................................ 4

        E.     PLAINTIFFS' CLAIM FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY FAILS ................................................................................ 5

CERTIFICATE OF SERVICE ...................................................................................................... 1

**TABLE OF AUTHORITIES**

**CASES**

*Amari v. Spillan*, 2009 WL 995627 (S.D. Ohio 2009) .................................................................. 4

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005) ..................... 2

*DE&J, LP v. Conaway*, 133 Fed.Appx. 994 (6th Cir. 2005) .......................................................... 4

*Goodman v. Mady*, No, 04-75011, 2005 WL 2417209 (E.D. Mich., Sept, 30, 2005)……………3

*Hofmeister Family Trust v. FGH Indus., LLC*, 2007 WL 1106144 (E.D. Mich. Apr. 12, 2007) 4, 5

*Holmes v. Grubman*, __ S.E.2d __, 286 Ga. 636 (Ga. 2010) ........................................................... 3

*Ley v. Visteon Corp.*, 543 F.3d 801 (6th Cir. 2008) ........................................................................ 3

*M&D, Inc. v. McConkey*, 231 Mich. App. 22, 585 N.W. 2d 33 (Mich. App. 1998) ...................... 3

*Mezzonen, S.A. v. Wright*, 1999 WL 1037866, *4 (S.D.N.Y. 1999) .............................................. 4

*Passa v. City of Columbus*, 123 Fed.Appx. 694 (6th Cir. 2005) ..................................................... 1

*Tessmer v. Steinberg*, No. 251474, 2005 WL 736514 (Mich. App. Mar. 31, 2005) ...................... 5

*Weiner v. Klais & Co., Inc.*, 108 F.3d 86 (6th Cir. 1997) ............................................................ 1, 2

**STATUTES, RULES & REGULATIONS**

M.C.L. § 450.4510 ............................................................................................................................ 5

Federal Rule of Civil Procedure 12(b) ......................................................................................... 1, 2

## **INTRODUCTION**

Plaintiffs' Response only highlights that the SamJack Defendants ("SJDs") do not belong here. Grasping at straws, Plaintiffs fabricate new theories of the case, claiming for the first time that the SJDs were "agents" of and thus liable for the actions of Doeren Mayhew. Plaintiffs also argue a new fraud theory—silent fraud—which is neither pled in nor supported by the Complaint. Lacking facts to sufficiently state a claim against the SJDs, Plaintiffs pin their hopes on newly created theories which should be disregarded by the Court.

Moreover, identifying relevant fact allegations in the Response is like trying to sip from a firehose. Plaintiffs rely on dozens of documents not part of the pleadings, claiming the Court can take "judicial notice" of them. (Resp., p. 7, n. 3). Plaintiffs cannot prop up an inadequately pled Complaint by cherry picking out-of-context citations to depositions, emails, and unauthenticated correspondence under the auspices of "judicial notice." *Passa v. City of Columbus*, 123 Fed.Appx. 694, 697 (6th Cir. 2005) (judicial notice "is proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein") (attached as Ex. A); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (a court should not consider "matter outside of the pleadings" on a 12(b) motion). Such reliance reveals the glaring inadequacies of the Complaint. Plaintiffs have far overstepped the bounds of Rule 12(b), and the SJDs will not address this improper "evidence."

Plaintiffs further fail even to approach the requirements of Rule 9(b). Plaintiffs concede they do not allege *a single* Plaintiff communicated with the SJDs through the so-called "800 number." (Resp., p. 6, n. 2). Plaintiffs also fail to address the relevance of dozens of core allegations pertaining to "investors," which neither refer to nor identify any Plaintiffs.[1] These

---

[1] *See* Compl., ¶¶ 3, 6, 8, 10-12, 112-113, 117-118, 124-125, 129-132, 135, 158-159, 177, 221, 223, 231, 236, 245, 249, 254.

allegations should be disregarded by the Court. Plaintiffs also acknowledge that the $100 "prep fee" not only was disclosed in monthly summaries, but also was in fact related to preparation of checks. (Resp., p. 5). Finally, Plaintiffs do not establish that the SJDs caused the Plaintiffs' alleged losses, as Plaintiffs do not allege that they would have rescinded their investments, or their losses would have been lessened, had the SJDs been identified as recipients of the "prep fee." For these reasons, among others, Plaintiffs' claims against the SJDs fail as a matter of law.

## I.   ARGUMENT

### A.   The Complaint Is Devoid Of Allegations To Support A New Agency Theory

Plaintiffs invent an entirely new theory of the case, claiming that the SJDs were "agents" of Doeren Mayhew and thus liable for its acts. (Resp., p. 6). ***No allegations*** support this theory. (*Id*.). Lacking the facts to allege a duty to speak, Plaintiffs claim Doeren Mayhew's alleged "duty to speak to each investor"[2]—even those who never received a monthly summary—was "delegated" to the SJDs. (*Id*.). This unpled theory cannot support Plaintiffs' claims. *Weiner*, 108 F.3d at 88 (for a 12(b)(6) motion, court cannot consider matters outside of pleadings).

### B.   Plaintiffs Fail To State Claims For Fraud (IV), Aiding and Abetting Fraud (V), or Conspiracy to Commit Fraud (VI)

As detailed in the SJD's Motion to Dismiss and Doeren Mayhew's Reply, Plaintiffs cannot overcome the legal deficiency of their "holder" claims.[3] Further, Plaintiffs' own allegations undermine the holder claims by revealing that Plaintiffs did not know "that SamJack

---

[2] Plaintiffs continue to refer to "investors," rather than Plaintiffs, throughout their Response. (*See, e.g.,* Complaint, p. 6). These allegations fail to meet Rule 9(b)'s pleading with particularity requirements. (Motion, p. 5). Plaintiffs can cite no authority to support their attempt to avoid Rule 9(b)'s requirement of party-specific allegations and prohibition on group pleading. (Resp., p. 5, n. 1, citing *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp*., 399 F.3d 651, 690 (6th Cir. 2005) (referring to pleading of collective actions by defendant corporate officers, "we need not decide here the current viability of the group-published doctrine….")).

[3] In the interests of saving time and expense, the SJDs incorporate by reference the argument in §§ 5-6 of Doeren Mayhew's Reply.

even existed." (Compl., ¶ 5).  Other state courts that recognize holder claims, including the Georgia case Plaintiffs cite, require that "the parties knew each other and the alleged misrepresentations occurred through direct communication." *Holmes v. Grubman*, __ S.E.2d __, 286 Ga. 636, *3-4 (Ga. 2010).  Heightened specific reliance, as detailed in *Holmes*, requires that the plaintiff plead that if he had known the "truth", "the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place." *Id*. at 4.  Even if Michigan allowed holder claims, and it does not, Plaintiffs do not allege the required "direct communications" or specific actions. *Id*.

Plaintiffs also propose a new, unpled "silent fraud" theory. (Resp., p. 6).  However, Plaintiffs cannot rely on a claim not alleged in the Complaint.  Further, "Michigan courts have recognized that silence cannot constitute actionable fraud *unless* it occurred under circumstances where there was a legal duty of disclosure." *M&D, Inc. v. McConkey*, 231 Mich. App. 22, 29, 585 N.W. 2d 33, 37 (Mich. App. 1998).  Plaintiffs have not alleged that the SJDs owed Plaintiffs the requisite legal duty to disclose or any duty at all.

Plaintiffs' claims for aiding and abetting and conspiracy to commit fraud also fail. Plaintiffs' skewed view of the knowledge required for fraud claims would set the dangerous precedent that anyone working for a fraudster would have the knowledge to be liable for the fraud.[4]  This expansive view is not supported by the law. *Ley v. Visteon Corp*., 543 F.3d 801, 817-18 (6th Cir. 2008) (finding that simply performing services of an accountant, including "continual access to" information, did not "raise a strong inference of scienter").

---

[4] Plaintiffs cite *Goodman v. Mady*, 2005 WL 2417209 (E.D. Mich., Sept, 30, 2005) (attached as Ex. B) in support of check writing constituting "substantial assistance." *Goodman* never analyzes "substantial assistance," nor discusses check writing; rather, *Goodman* involved a civil conspiracy involving a fraudulent inducement claims. *Id*. at *5.  Plaintiffs' citation to this case fails to support any aspect of these claims against the SJDs.  Indeed, *Goodman* dismissed an aiding an abetting claim, stating it isn't clear such a claim even exists in Michigan. *See id*., at *8.

Finally, Plaintiffs' failure to adequately plead that their losses were caused by the SJDs is fatal to their fraud claims. Plaintiffs fail to explain how not naming SamJack as a payee of the fully disclosed $100 "prep fee"[5] caused Plaintiffs to hold their investments, let alone the alleged Ponzi scheme losses. Plaintiffs' conclusory causation allegation constitutes "boilerplate language…[which] would defeat the requirement that a plaintiff explain how the loss occurred." *DE&J, LP v. Conaway*, 133 Fed.Appx. 994, 1000 (6th Cir. 2005). Indeed, Plaintiffs' allegations establish that May's Ponzi scheme, not the monthly summaries, caused their investments to instantaneously have "no market value at all." (Compl., ¶ 115).

### C.  Plaintiffs Fail To State A Claim for RICO

Plaintiffs cannot distinguish their RICO claims from conduct actionable as securities fraud, which includes causes of action that may only be available to the SEC and not to these Plaintiffs. (Motion, p. 17). Contrary to Plaintiffs' argument, *Amari v. Spillan* **did not** allow RICO claims with post-investment fraud as a predicate act, and in fact agreed with the SJDs' case authority, finding that the plaintiff relied on fraudulent inducement of a loan as the predicate act for RICO. *Amari*, 2009 WL 995627, *4 (S.D. Ohio 2009) (attached as Ex. C); *see also Mezzonen, S.A. v. Wright*, 1999 WL 1037866, *4 (S.D.N.Y. 1999) (relying on post-investment looting acts "not in connection with Mezzonen's initial investment") (attached as Ex. D). Plaintiffs' cases do not establish that post-investment fraud may be a predicate act under RICO.

### D.  Plaintiffs Fail To State A Claim For Statutory Conversion Against SamJack

As the case cited by Plaintiffs acknowledges, a statutory conversion claim requires "that Defendants knew they were receiving or aiding in the concealment of such property."

---

[5] Plaintiffs repeatedly allege that the SJDs were paid "$240,000 per year" based on the $100 prep fee, but fail to reconcile this with their own schedule which establishes that many Plaintiffs did not invest in LLCs until 2006 or 2007, indicating that many of the LLCs identified by Plaintiffs were formed by May shortly before the collapse. (Complaint, Ex. A). Plaintiffs further concede that many of them never received monthly summaries. (Motion, p. 10-11).

4

*Hofmeister Family Trust v. FGH Indus., LLC*, 2007 WL 1106144, *4 (E.D. Mich. Apr. 12, 2007) (attached as Ex. E). Plaintiffs fail to establish the requisite knowledge of the SJDs. Plaintiffs also fail to establish that the SJDs received "converted" property as required for statutory conversion. In addition, the SJDs incorporate by reference § 9 of Doeren Mayhew's Reply.

### E. Plaintiffs' Claim For Aiding and Abetting A Breach of Fiduciary Duty Fails

Plaintiffs attempt to argue essentially that any relationship may be a fiduciary relationship so long as they "reposed their faith, confidence, and trust in May." (Resp., p. 14). Yet again, the Complaint is devoid of allegations to support the existence of such a relationship. (*Id.*)

Plaintiffs' claim also relies on the alleged breach of fiduciary duties owed by May as "manager" of the LLCs. (Resp., p. 14). However, any fiduciary duty owed by May as manager was owed to the LLCs, *not* to the Plaintiffs. Plaintiffs cannot assert a fiduciary relationship, or breaches thereof, on behalf of the LLCs without following statutory requirements of such actions. *See* M.C.L. § 450.4510 (requirements for civil suits on behalf of LLCs); *Tessmer v. Steinberg*, No. 251474, 2005 WL 736514, *2-3 (Mich. App. Mar. 31, 2005) (finding LLC member failed to follow requirements in MCL 450.4510(b)) (attached as Ex. F).

Dated:  May 10, 2010                              Respectfully submitted,

                                                  FOLEY & LARDNER LLP

                                                        /s/ Scott Seabolt
Lisa L. Tharpe (of counsel)                       Scott Seabolt (P55890)
Foley & Lardner LLP                               One Detroit Center
321 North Clark St., Suite 2800                   500 Woodward Ave., Suite 2700
Chicago, Illinois  60610                          Detroit, Michigan 48226-3489
Phone:  (312) 832-4500                            Phone:  (313) 234-7100
email:  ltharpe@foley.com                         email:  sseabolt@foley.com

                                                  *Attorneys for Defendants Todd R. Fox, James
                                                  O'Rilley, Joann Fox, Nancy O'Rilley and
                                                  SamJack Investments, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2010 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to R. Christopher Cataldo at ccataldo@jaffelaw.com, John W. Schryber at jschryber@pattonboggs.com, Norah D. Molnar at nmolnar@pattonboggs.com, Scott L. Silver at silver@stockattorneys.com, Dennis M. Haffey at dhaffey@dykema.com, and Benjamin W. Jeffers at bjeffers@dykema.com.

Dated:  May 10, 2010

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt
Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*