**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM BIRCHFIELD, *et al.*

       Plaintiffs,

vs.

DOEREN MAYHEW & COMPANY, PROFESSIONAL CORPORATION d/b/a DOEREN MAYHEW, TODD R. FOX, JAMES P. O'RILLEY, JOANN FOX, NANCY O'RILLEY, and SAMJACK INVESTMENTS, INC.,

       Defendants.

Case No. 2:09-cv-13140

Consolidated Case No. 2:08-cv-11261

Honorable Arthur Tarnow

---

| | |
|---|---|
| R. Christopher Cataldo (P39353)<br>Attorneys for Plaintiffs<br>Jaffe, Raitt, Heuer & Weiss, PC<br>27777 Franklin Rd., Ste. 2500<br>Southfield, MI  48034<br>(248) 351-3000<br>ccataldo@jaffelaw.com | Dennis M. Haffey (P26378)<br>Benjamin W. Jeffers (P57161)<br>Attorneys for Doeren Mayhew & Co., P.C.<br>Dykema Gossett PLLC<br>39577 Woodward, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0813<br>dhaffey@dykema.com |
| John W. Schryber<br>David C. Silver<br>Norah D. Molnar<br>Attorneys for Plaintiffs<br>Patton Boggs LLP<br>2550 M St., NW<br>Washington, DC  20037<br>(202) 457-6000<br>jschryber@pattonboggs.com | Scott T. Seabolt (P55890)<br>Attorneys for Defendants Todd Fox, James<br>  O'Rilley, JoAnn Fox, Nancy O'Rilley,<br>  And SamJack Investments, Inc.<br>Foley & Lardner LLP<br>One Detroit Center<br>500 Woodward Ave., Ste. 2700<br>Detroit, MI  48226<br>(313) 234-7115<br>sseabolt@foley.com |

Scott L. Silver
Attorneys for Plaintiffs
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, FL  33071
(954) 255-8181
silver@stockattorneys.com

**REPLY IN SUPPORT OF DEFENDANTS
TODD R. FOX AND JAMES P. O'RILLEY'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION ............................................................................................................... 1

I. ARGUMENT ............................................................................................................ 2

    A. PLAINTIFFS' CLAIMS I AND III PREMISED ON PRE-INVESTMENT SECURITIES FRAUD FAIL AS A MATTER OF LAW ...................................... 2

    B. PLAINTIFFS "HOLDER" CLAIMS, COUNTS IV-VI, ALSO FAIL AS A MATTER OF LAW ........................................................................................ 3

    C. PLAINTIFFS FAIL TO STATE A CLAIM FOR RICO ...................................... 4

    D. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY (X) OR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY (XI) ................................................................................ 4

    E. PLAINTIFFS FAIL TO OVERCOME THE LEGAL AND FACTUAL DEFICIENCIES IN COUNTS II, IX, X, AND XI ................................................ 4

CERTIFICATE OF SERVICE ........................................................................................... 1

# **TABLE OF AUTHORITIES**

**CASES**

*Holmes v. Grubman*, __ S.E.2d __, 286 Ga. 636 (Ga. 2010) ........................................................ 4

*In re Refco, Inc. Sec. Litig.*, 609 F.Supp.2d 304 (S.D.N.Y. 2009) ................................................. 3

*M&D, Inc. v. McConkey*, 231 Mich. App. 22, 585 N.W. 2d 33 (Mich. App. 1998) ...................... 4

*Pacific Inv. Mgmt. Co. v. PIMCO Funds*, No. 09-1619-CV, __ F.3d __ (2nd Cir. Apr. 27, 2010). 3

*Passa v. City of Columbus*, 123 Fed.Appx. 694 (6th Cir. 2005) ……………………………….1, 2

*Weiner v. Klais & Co., Inc.*, 108 F.3d 86 (6th Cir. 1997) ............................................................. 1

*Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622 (E.D. Mich. 2000) .................................... 5

**STATUTES, RULES & REGULATIONS**

M.C.L. § 339.720(1)(c) ................................................................................................................... 4

M.C.L. § 600.2962 .......................................................................................................................... 4

Federal Rule of Civil Procedure 12(b) ........................................................................................... 1

**INTRODUCTION**

Plaintiffs' Response glosses over Fox and O'Rilley's Motion to Dismiss, seemingly failing to grasp that Fox and O'Rilley, while sharing many positions in their briefs, are defendants distinct from Doeren Mayhew.[1] Plaintiffs instead point to their Response to Doeren Mayhew's Motion to Dismiss ("DM Response"), largely failing to address the factual deficiencies in the claims against Fox and O'Rilley. However, lacking the facts to state a claim against Fox and O'Rilley, Plaintiffs fabricate an entirely new fraud theory—silent fraud—which is neither pled in nor supported by the Complaint. (DM Response, p. 14). Plaintiffs also take their Response a step further and rely on factual assertions that are not alleged anywhere in the Complaint. Although Plaintiffs concede "[w]hat is at issue on a Rule 12(b)(6) motion is the legal sufficiency of a complaint's allegations" (Response, p. 2), Plaintiffs rely on and cite to dozens of documents not part of the pleadings in this case, claiming the Court can take "judicial notice" of them. (Response, p. 2; DM Response, p. 3, n. 1). Plaintiffs cannot prop up an inadequately pled Complaint by cherry picking out-of-context citations to depositions, emails, and unauthenticated correspondence under the auspices of "judicial notice." *Passa v. City of Columbus*, 123 Fed.Appx. 694, 697 (6th Cir. 2005) (judicial notice "is proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein") (attached as Ex. A); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (a court should not consider "matter outside of the pleadings" on a 12(b) motion). Such reliance reveals the glaring inadequacies of the

---

[1] Plaintiffs also claim that Doeren Mayhew "refus[ed] to permit directors Todd Fox and James O'Rilley to join in DM's brief, causing Messrs. Fox and O'Rilley to file their 'own' brief," and accuses Doeren Mayhew of "a contrived and transparent procedural stunt." (Response, p. 1). This is false. Doeren Mayhew never "refus[ed] to permit" Fox and O'Rilley from joining in the Doeren Mayhew brief, and Fox and O'Rilley voluntarily decided to file a brief in addition to Doeren Mayhew's brief to highlight the glaring deficiencies in Plaintiffs' pleading with respect to Fox and O'Rilley as individuals.

Complaint. Plaintiffs have far overstepped the bounds of judicial notice, and Fox and O'Rilley will not address this improper "evidence" in their Reply.

Plaintiffs' further fail even to approach the pleading requirements of Rule 9(b). Although there are over 100 Plaintiffs, only one Plaintiff is identified by name,[2] and none are identified as having invested in reliance on a statement attributable to Fox or O'Rilley. (Compl., ¶ 113). Plaintiffs also fail to explain the relevance of dozens of core allegations pertaining to "investors," which neither refer to nor identify any Plaintiffs.[3] For these reasons, among others, Plaintiffs' claims against Fox and O'Rilley fail as a matter of law and should be dismissed.

## I.   ARGUMENT

### A.   Plaintiffs' Claims I and III Premised on Pre-Investment Securities Fraud Fail As A Matter of Law

Rather than addressing the insufficient allegations in the Complaint, the lack of plaintiff-by-plaintiff and defendant-by-defendant particularized allegations, and the actual requirements of pleading a pre-investment securities fraud claim, Plaintiffs focus on "factual" assertions not pled in the Complaint. Plaintiffs dedicate nearly 8 pages to these assertions, replete with out-of-context quotations and citations. (DM Response, pp. 1-8). Plaintiffs' attempt to turn their Response into a Motion for Summary Judgment, without the opportunity for Defendants to present the substantial evidence refuting Plaintiffs' assertions, is improper. *Passa*, 123 Fed.Appx. at 697. However, Plaintiffs' ploy to distract from the Complaint fails, because Plaintiffs' own allegations establish they cannot bring claims of pre-investment securities fraud against Fox and O'Rilley.

---

[2] Plaintiffs refer to one statement by Plaintiff Thomas Howe, but fail to allege that Mr. Howe relied on the statement in any way. (Compl., ¶ 113).

[3] *See* Compl., ¶¶ 3, 6, 8, 10-12, 112-113, 117-118, 124-125, 129-132, 135, 158-159, 177, 221, 223, 231, 236, 245, 249, 254.

As Plaintiffs state, "the offering documents were never signed by anyone or attributed authorship to any person," and "the offering memoranda do not, in fact, identify the maker." (DM Response, pp. 6, 18). This is fatal to Plaintiffs' pre-investment securities fraud claims. No false statements of fact were specifically attributed to Fox or O'Rilley in any offering memoranda disseminated to Plaintiffs, as required for liability. *See In re Refco, Inc. Sec. Litig.*, 609 F.Supp.2d 304 (S.D.N.Y. 2009) (dismissing a claim where no false statement was attributed to the defendant at the time of dissemination). The requirement that a statement be attributed to the maker was strongly affirmed by the Second Circuit just days ago. *Pacific Inv. Mgmt. Co. v. PIMCO Funds*, No. 09-1619-CV, __ F.3d __, *9 (2nd Cir. Apr. 27, 2010) (Slip Op.) (attached as Ex. B) (rejecting the "creator standard," stating "secondary actors can be liable … for only those statements that are explicitly attributed to them"). The Second Circuit found "[a]bsent attribution, plaintiffs cannot show that they relied on defendants' own false statements, and participation and the creation of those statements amounts, at most, to aiding and abetting securities fraud." *Id*. at 3. Here, Plaintiffs' allegations of "co-authoring" based on O'Rilley's review of tax language in a draft offering memorandum (not alleged to be a misrepresentation nor attributed to O'Rilley in the memorandum) do not meet the clear requirements for liability. (Compl., ¶¶ 106-107). Plaintiffs' preinvestment fraud claims fail as a matter of law.

B.      **Plaintiffs "Holder" Claims, Counts IV-VI, Also Fail As a Matter of Law**

Plaintiffs also fail to address the factual and legal deficiencies of their "holder" claims against Fox and O'Rilley. To save the parties and the Court time and expense, Fox and O'Rilley incorporate by reference the arguments in §§ 5-6 of Doeren Mayhew's Reply. Even if such a claim was recognized by Michigan courts, Plaintiffs' do not address the lack of any plaintiff-by-plaintiff particularized allegations that would meet the heightened requirements imposed by courts which have recognized "holder" claims. *Holmes v. Grubman*, __ S.E.2d __, 286 Ga. 636,

3

*3-4 (Ga. 2010) (requiring "direct communication and specific reliance"). Fox and O'Rilley hereby incorporate by reference the arguments in § I(B) of the SamJack Defendants' Reply.

Plaintiffs also describe a new, unpled "silent fraud" theory in their Response. (Response, p. 14). However, Plaintiffs cannot rely on a claim not alleged in the Complaint. Further, Plaintiffs have not alleged that Fox and O'Rilley owed Plaintiffs the requisite legal duty to disclose for a silent fraud claim. *M&D, Inc. v. McConkey*, 231 Mich. App. 22, 29, 585 N.W. 2d 33, 37 (Mich. App. 1998) ("silence cannot constitute actionable fraud *unless* it occurred under circumstances where there was a legal duty of disclosure"). Plaintiffs' repeated attempts to add new, meritless claims and "facts" not pled in the Complaint should be disregarded by the Court.

C. **Plaintiffs Fail to State A Claim For RICO**

Although Plaintiffs artfully attempt to avoid the bar to RICO actions premised on securities fraud, the cases Plaintiffs cite in their Response fail to support their contentions that their RICO claim may proceed. To save the parties and the Court time and expense, Fox and O'Rilley incorporate by reference the arguments in § 8 of Doeren Mayhew's Reply.

D. **Plaintiffs Fail to State a Claim For Breach of Fiduciary Duty (X) or Aiding and Abetting A Breach of Fiduciary Duty (XI)**

Plaintiffs also attempt to impermissibly expand what qualifies as a fiduciary relationship, while asserting claims rightfully held by the LLCs, not the Plaintiffs. To save the parties and the Court time and expense, Fox and O'Rilley incorporate by reference the arguments in § 8 of Doeren Mayhew's Reply and § I(E) of the SamJack Defendant's Reply.

E. **Plaintiffs Fail to Overcome The Legal And Factual Deficiencies In Counts II, IX, X, and XI**

Although Plaintiffs attempt to distinguish their actions from those barred by the Accountant Liability Act, Plaintiffs cannot ignore the statutes and caselaw finding that the Act bars their claims. *See* M.C.L. § 339.720(1)(c) (defining "client"); M.C.L. § 600.2962 (defining

narrow circumstances of non-client claims); *Yadlosky v. Grant Thornton, LLP*, 120 F.Supp.2d 622, 634 (E.D. Mich. 2000). To save the parties and the Court time and expense, Fox and O'Rilley incorporate by reference the arguments in § 7 of Doeren Mayhew's Reply.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in their Motion to Dismiss, Defendants Todd R. Fox and James P. O'Rilley respectfully request that this Court dismiss the Plaintiffs' Complaint as against them with prejudice.

Dated: May 10, 2010          Respectfully submitted,

FOLEY & LARDNER LLP

/s/ Scott Seabolt

| | |
|---|---|
| Lisa L. Tharpe (of counsel) | Scott Seabolt (P55890) |
| Foley & Lardner LLP | One Detroit Center |
| 321 North Clark St., Suite 2800 | 500 Woodward Ave., Suite 2700 |
| Chicago, Illinois 60610 | Detroit, Michigan 48226-3489 |
| Phone: (312) 832-4500 | Phone: (313) 234-7100 |
| email: ltharpe@foley.com | email: sseabolt@foley.com |

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2010 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to R. Christopher Cataldo at ccataldo@jaffelaw.com, John W. Schryber at jschryber@pattonboggs.com, Norah D. Molnar at nmolnar@pattonboggs.com, Scott L. Silver at silver@stockattorneys.com, Dennis M. Haffey at dhaffey@dykema.com, and Benjamin W. Jeffers at bjeffers@dykema.com.

Dated:  May 10, 2010

Lisa L. Tharpe (of counsel)
Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, Illinois  60610
Phone:  (312) 832-4500
email:  ltharpe@foley.com

Respectfully submitted,

FOLEY & LARDNER LLP

s/ Scott Seabolt
Scott Seabolt (P55890)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226-3489
Phone:  (313) 234-7100
email:  sseabolt@foley.com

*Attorneys for Defendants Todd R. Fox, James O'Rilley, Joann Fox, Nancy O'Rilley and SamJack Investments, Inc.*