# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN ACKER, et al, and
WILLIAM BIRCHFIELD, *et al.*

        Plaintiffs,

vs.

DOEREN MAYHEW & COMPANY,
PROFESSIONAL CORPORATION d/b/a
DOEREN MAYHEW, TODD R. FOX,
JAMES P. O'RILLEY, JOANN FOX,
NANCY O'RILLEY, and SAMJACK
INVESTMENTS, INC.,

        Defendants.

Consolidated Case No. 2:08-cv-11261

Honorable Arthur Tarnow

## ORDER TO SHOW CAUSE

The parties by their counsel have stipulated to the entry of this Order. The parties by their counsel in April 2011 agreed to a Confidential Settlement Agreement that requires, among other things, each Plaintiff to sign an Individual Confirmation, agreeing to the Confidential Settlement Agreement. Plaintiffs' counsel have recommended the settlement to all Plaintiffs.

Plaintiffs' counsel represent that Individual Confirmations have been signed by or on behalf of approximately 97% of Plaintiffs, or all Plaintiffs except 12.

This Order is directed only at those Plaintiffs who have yet to sign an Individual Confirmation.

**IT IS HEREBY ORDERED** as follows:

1. Each Plaintiff who has not signed an Individual Confirmation to the Confidential Settlement Agreement is required to advise the Court by a written communication -- by filing it with or sending it to the Court -- **no later than June 23, 2011**, stating whether such Plaintiff

5171821

accepts the settlement stated in the Confidential Settlement Agreement or intends to continue to litigate his or her claims in a new lawsuit with new counsel.  Each Plaintiff must further send a copy of that written communication to Plaintiffs' Counsel at the following address: Patton Boggs LLP, Attn: John Oberdorfer, 2550 M Street, NW, Washington, D.C. 20037.

3. The claims of any Plaintiff who has timely advised the Court in writing of a rejection of the settlement and an intention to continue to litigate his/her claims in a new lawsuit with new counsel will be dismissed from the above-captioned actions **without prejudice**.  That Plaintiff shall have no rights to participate in the settlement stated in the Confidential Settlement Agreement.  The statute of limitations period which stopped running when that Plaintiff originally filed the pending claims will begin to run again thirty (30) days after the dismissal without prejudice of that Plaintiff's pending claims.

4. Plaintiffs' Counsel will send this Order to the best known address(es) of each Plaintiff covered by Paragraph 1.

5. Counsel for Plaintiffs and Defendants shall advise the Court as to status of the Plaintiffs covered by Paragraph 1 with respect to settlement no later than June 27, 2011.

Dated:  June __, 2011

_____
Honorable Arthur Tarnow
U.S. District Court Judge

**The undersigned stipulate to entry of preceding Order To Show Cause:**

/s/ John L. Oberdorfer
John L. Oberdorfer  (Admitted to EDMI)
Theodore Sonde (Admission pending)
Nigel L. Wilkinson  (Admitted to EDMI)
Patton Boggs LLP
Attorneys for Plaintiffs
2550 M St., NW
Washington, DC  20037
(202) 457-6000
nwilkinson@pattonboggs.com

/s/ Dennis M. Haffey
Dennis M. Haffey (P26378)
Benjamin W. Jeffers (P57161)
Dykema Gossett PLLC
Attorneys for Doeren Mayhew & Co., P.C.
39577 Woodward, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0813
dhaffey@dykema.com

/s/ Christopher Cataldo
R. Christopher Cataldo (P39353)
Jaffe, Raitt, Heuer & Weiss, PC
Attorneys for Plaintiffs
27777 Franklin Rd., Ste. 2500
Southfield, MI  48034
(248) 351-3000
ccataldo@jaffelaw.com

/s/ Scott T. Seabolt
Scott T. Seabolt (P55890)
Foley & Lardner LLP
Attorneys for Defendants Todd Fox, James
 O'Rilley, JoAnn Fox, Nancy O'Rilley,
 And SamJack Investments, Inc.
One Detroit Center
500 Woodward Ave., Ste. 2700
Detroit, MI  48226
(313) 234-7115
sseabolt@foley.com

5171821